EDWARD L. CRAW, Appellant, *v.* JOHN M. EASTERLY, Respondent.

(Submitted June 20, 1873; decided September term, 1873.)

THIS was a case submitted under section 272 of the Code:.

The plaintiff asks for judgment against the defendant as one of the trustees of the "Stevenson Manufacturing Company," during a portion of the year 1868, and up to the first of March, 1869, for a debt due to the company under the provisions of chapter 40, Laws of 1848, under which act said company was incorporated.

The corporation became indebted to the plaintiff on the 12th of January, 1869. The plaintiff obtained a judgment upon the note given by the corporation for such indebtedness. The corporation did not make or cause to be made, within twenty days after the 1st of January, 1869, a report as required by section 12 of said act. The corporation was organized on the 29th of February, 1868, and in the certificate of organization the number of trustees was fixed at six, and the names of the six who should be trustees for the first year were designated. The defendant was not one of this number. One of the six named as trustees was Smith D.

Wackman, who was a stockholder, and who had taken upon himself, with the other persons so named, the duties of trustee. By the by-laws of the company the annual election for trustees was fixed for the first day of March. No provision was made for filling vacancies.

In April, 1868, Wackman and the defendant negotiated for the sale of a portion of Wackman's stock to the defendant, and the negotiation was completed and the stock transferred on the books of the company to the defendant on the twentieth of May thereafter. Wackman retained the residue of his stock until the 1st of June, 1868, when it was transferred to another person. On the 5th of May, 1868, at a meeting of the stockholders of the company, held without any notice thereof having been previously published, and at which Wackman was not present, a preamble and resolution was adopted, declaring that Wackman had sold all his interest in the company, and resolving that his office of trustee was thereby declared vacant, and that the defendant was thereby appointed trustee to fill the vacancy. The defendant was present at this meeting and consented to the act of his appointment, and afterward met with the trustees and assumed to act with them as one of the trustees until December, 1868, when he removed from the State to the State of Tennessee, where he resided until October, 1869. *Held*, that the resolution of the fifth of May was a nullity, and inoperative to clothe defendant with the office of trustee, and that although his acts as such might bind him and the company while he did so act, yet he was not bound to continue to act; and he having ceased to act in December, before the omission of duty and the incurring of the debt to plaintiff, he was not liable.

*Mortimer E. Austin* for the appellant.

*Cox & Avery* for the respondent.

JOHNSON, C., reads for affirmance.
All concur.
Judgment affirmed.