SARAH A. VAN AMBURGH et al., Appellants, *v.* SMITH T. BAKER, JR., et al., Respondents.

Defendants, in February, 1874, were elected trustees of a manufacturing corporation for one year. Before the expiration of the year the corporation had become insolvent and discontinued its business. It did no business after January 15, 1875. On that day the trustees passed a resolution that the corporation should cease to transact business and resigning their office to take effect at the end of their term. Defendants did not act as trustees after that date. In an action under the Manufacturing Act (§ 12, chap. 40, Laws of 1848) to recover the amount of a debt due from the corporation because of a failure to file an annual report in January, 1876, *held,* that defendants were not liable; that while, if they had continued to act as trustees after the expiration of their term, they would have been bound to make the report, they were not bound to hold over, and unless they chose to act, their offices became vacant at the end of the year.

(Argued April 8, 1880 ; decided April 20, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, affirming a judgment in favor of defendants entered upon a decision of the court on trial without a jury. (Reported below, 14 Hun, 615.)

The nature of the action and the facts are set forth sufficiently in the opinion.

*M. H. Hirschberg* for appellants. Nothing short of an adjudication of a court of competent jurisdiction will work a dissolution of a corporation or discharge the trustees from their liability as such. (*Marbled Iron Works* v. *Smith*, 4 Duer, 371 ; *Rolin* v. *Crosby*, 49 N. Y. 186 ; *Sanborn* v. *Lefferts*, 58 id. 182 ; *Jones* v. *Barlow*, 62 id. 202.)

*John L. Hill* for respondents. It is enough that the defendants refused to act as trustees after the expiration of their terms of office, February 25, 1875, to relieve them from liability. (*Sanborn* v. *Lefferts,* 58 N. Y. 179.) The trustees were not bound to notify the stockholders of their refusal to hold over. (*Sturges* v. *Vanderbilt,* 73 N. Y. 384; *Cameron* v. *Seaman,* 69 id. 396.) As the personal liability of the trustees depends wholly upon a statute highly penal in character, no mere presumption will be indulged to charge a trustee under it. (*Whitney Arms Co.* v. *Barlow,* 68 N. Y. 34.) The offices were rendered vacant by the resignation of these trustees. (*Squires* v. *Brown,* 32 How. Pr. 45; *Chandler* v. *Hoag,* 9 N. Y. S., 2 Hun, 613; 15 Alb. Law J., p. 160.) The fact that the resignations were not in writing is not material. (*Van Orsdall* v. *Hazard,,* 3 Hill, 243; *People* v. *Porter,* 6 Cal. 26; *Stubbs* v. *Lee,* 18 Am. 252; 64 Maine, 195; *People* v. *Met. Bd. of Police,* 26 N. Y. 316.)

EARL, J. This is an action by the plaintiffs as creditors against the defendants as trustees of The Mott Brick Company, to enforce the liability of the defendants for not making, filing and publishing in January, 1876, the annual report required by section 12 of the General Manufacturing Act of 1848. (Ch. 40.)

The company was organized in February, 1873, and these defendants were named with four others trustees in the articles of association, and they were again elected trustees at the annual meeting of the stockholders in February, 1874, for the year ending February 25, 1875. Before the expiration of that year the company had become insolvent and discontinued its business. No trustees were elected after February, 1874; the company ceased to do any business after January 15, 1875, and on that day its board of trustees passed a resolution to the effect that it should cease to do business, and resigned their offices to take effect at the end of their terms, and none of these defendants acted as trustees after that date. The claim of the plaintiffs is that, as no trustees were elected in their stead, they must

be treated as holding over until January, 1876, and hence bound to make the report in that month.

These defendants could have continued to act as trustees, under section four of the act of 1848, until their successors were elected, and their acts would have bound the company; and if they had thus continued to act, they would have been bound to make the report required by the twelfth section. (*Craw* v. *Easterly*, 54 N. Y. 679; *Easterly* v. *Barber*, 65 id. 252.) But they were not bound to hold over. Unless they chose to act, their offices became vacant at the end of the year. It was not necessary for them to resign at the end of the year, to produce a vacancy. The vacancy would come from the termination of their terms of office.

At common law, a director holding over after the end of his term became an officer *de facto*, and as such he could do acts binding the corporation. (Ang. & A., on Cor., §§ 287, 288.) The only change effected as to that by section four, above referred to, is to make directors holding over and acting, *de jure* directors until their successors shall be elected.

Here the defendants not only ceased to act as trustees, but before the expiration of the year for which they were elected they made a distinct avowal that they would not act as directors after February 25, 1875. To hold the defendants liable, under such circumstances, for not making the report in January, 1876, would be both against reason and authority. (*Deming* v. *Puleston*, 55 N. Y. 655; *Reed* v. *Keese*, 60 *id.* 616; *S. C.*, 37 N. Y. Sup. Ct. 269; *Vincent* v. *Sands*, 33 *id.* 511, 517; *Sanborn* v. *Lefferts*, 58 N. Y. 179.)

The judgment should be affirmed with costs.

All concur except MILLER, J., absent.

Judgment affirmed.