THE FIRST NATIONAL BANK OF JERSEY CITY, Respondent, *v.* ARCHIBALD LAMON Appellant, Impleaded, etc.

*Annual report by a corporation — unnecessary where proceedings have been initiated for its dissolution.*

After the commencement of proceedings for the dissolution of a corporation, on an application made by the trustees thereof to the attorney-general, followed by an action for that purpose commenced before the expiration of the twentieth day of January, until which time the trustees thereof had the right to file the annual report required by law, the trustees are not required, in order to shield themselves from personal liability for the debts of the corporation, to make the annual report showing the financial condition of the corporation.

The case is brought by such proceedings within the general principle that the report is not necessary where the corporation has ceased to do business and is actually dissolved.

APPEAL by the defendant Archibald Lamon from a judgment, entered in the office of the clerk of the county of New York on the 5th day of July, 1889, in favor of the plaintiff and against the the defendant Archibald Lamon, for the sum of $1,569.99, after a trial before a referee.

The referee found that the corporation, known as the Atlantic Steam Engine Works, created under the manufacturing act of 1848, of which the defendants were trustees, did not, within twenty days from the 1st day of January, 1887, make an annual report as required by law, and did not, within said time, file the same, or cause it to be filed, in the office of the clerk of the county of Kings. The referee also found:

*Eleventh.* That on the 29th day of December, 1886, an application was made by Alexander T. Arthur, Archibald Arthur and William T. Arthur to the attorney-general to bring an action to dissolve the corporation; that the hearing upon the application was adjourned until the 6th day of January, 1887, when a hearing was had upon such application, and on or about the 15th day of January, 1887, the attorney-general commenced an action in the Supreme Court, in the name of the People of the State of New York against the Atlantic Steam Engine Works, to dissolve such corporation, and on the 18th day of January, 1887, an order was granted by a Special Term of the Supreme Court, returnable January 20, 1887, that said company show cause why a receiver should not be appointed; and that thereafter, and on or about the 7th day of March, 1887, in such action, an order was entered appointing Joseph Annin receiver of the property of said corporation, with the usual powers of such receiver.

*W. J. Townsend,* for the appellant.

*Hamilton Wallis,* for the respondent.

BRADY, J.:

This action was brought against the defendant, as one of the trustees of the Atlantic Steam Engine Works, to recover a penalty for the failure to file the annual report in January, 1887.

The defense interposed was two-fold: First. That the defendant was not a trustee during the time necessary to charge him in the

action. Second. That the trustees were under no obligation to file a report in January, 1887. It appeared that the defendant was hired by the company as foreman in 1862, and thereafter was elected as a trustee, his last election taking place in 1880, after the date of one year, from which time he had nothing to do with the management of the affairs of the corporation, and never attended any of its meetings, and was never informed or notified of any of them, nor was he consulted by the other trustees ; and, indeed, it may be said that there is no proof that he did any act or assumed any authority as trustee after his term of one year, by virtue of the election in 1880, had expired, except his opposition to the proceedings insti- tuted by the attorney-general in 1886 to dissolve the company, when in an affidavit for the purposes of such opposition he stated that he was a trustee of the company.

It also appeared that the company stopped doing business about the 10th or 15th of December, 1886, their shop being closed and locked, the men discharged, from which time no work or business of any kind was done by it or its representatives. On the 29th of December, 1886, an application was made by three of the trustees to the attorney-general to bring an action to dissolve the corporation. The hearing upon that proceeding was adjourned until the 6th of January, 1887.

On the fifteenth of that month an action was commenced in this court by The People to dissolve the corporation, and on the eight- eenth of January an order was granted, returnable on the twentieth, for the company to show cause why a receiver should not be appointed, and that order contained a temporary restraining clause prohibiting all creditors of the corporation from issuing executions against the defendant's property, and on the 17th of March, 1887, an order was entered appointing a receiver of the property of the company, with the usual powers in virtue of these proceedings.

It may be that, notwithstanding the passive character of the defendant's connection with the company as trustee, his opposition to its dissolution, attended by the statement that he was a trustee, would be sufficient, under the authorities, to subject him to responsi- bility as such, although it is by no means certain that such would be his legal attitude. The question is not discussed, however, because for the purpose of this appeal it is unnecessary.

The proceedings instituted in the month of December, 1886, by the acting trustees, to dissolve the corporation, applying to the attorney-general, followed as they were by the action commenced before the expiration of the twentieth of January, until which time the trustees had the right to report, and the insertion in the order to show cause of the prohibitory clause already suggested, was, at least, the initiation of a proceeding to wind up the corporation, and was, in effect, a prohibition against any business transaction or any act on the part of the trustees indicating a continued existence, or an intention to transact any business. After the commencement of such proceedings to require the trustees, in order to shield themselves from personal liability, to make a report, the design of which is to advise the public of the condition of the association with a view to business transactions with it, seems to be at variance with the whole purpose and design of the statute, and within the general principle that the report shall not be necessary where the corporation has ceased to do business, and is actually dissolved.

It seems to be clearly within *Van Amburgh* v. *Baker* (81 N. Y., 46), and certainly within the reasoning of that case. There the defendants were elected trustees of a manufacturing corporation, which, before the expiration of the year, had become insolvent and discontinued its business, and passed a resolution that the corporation should cease to transact business, resigning their offices, to take effect at the end of that term, after which they did not act as trustees. The court held that they were not liable, as trustees, for the failure to file the annual report. It is also within the principle of the *Huguenot National Bank of New Paltz* v. *Studwell* (74 N. Y., 621), where it was held that where a receiver was appointed before the expiration of the twenty days in which the trustees were required to report they were not liable to the penalty imposed for a failure to make and file the same.

It was held, also, in *Bruce* v. *Platt* (80 N. Y., 379), that when the company had ceased to exist, in fact, it was in a sense dissolved within the meaning of the act as regards creditors. And reference is made to the case of the *Bank of Poughkeepsie* v. *Ibbotson* (24 Wend., 473), where NELSON, Ch. J., said, in discussing the act of 1811, which imposed upon persons composing the company an

individual responsibility for its debts : " It has been repeatedly held that the dissolution here spoken of in order to subject the shareholder, may be shown short of judicial proceedings for that purpose. Having ceased to act, and being without funds and indebted, it is to be deemed dissolved so far as to give the remedy to the creditor."

The court says in *Bruce* v. *Platt*, referring to the case cited, that under the act of 1811 the liability of the stockholder began upon dissolution, and that occurred the moment the corporate property was disposed of and the corporation ceased to act. Under the act of 1848 the obligation of the company to report as to *its* affairs ceases upon the happening of the same event, viz., upon dissolution effected by the same cause for it then is carrying on no business and is deprived of the means of carrying it on.

In *Kirkland* v. *Kille* (99 N. Y., 390), it appeared that the company was formed in 1874, and that it incurred no debts after November, 1875, did no business after that time, and that everything that was done *after that* by the company, after the middle of January, 1875, was in connection with the foreclosure proceedings that had been taken about that time, and after that all that was done was to foreclose that mortgage and sell out the property of the company. It is true that in that case it was declared that there was no evidence that any other than formal acts were performed by the company in furtherance of the objects of its organization. But it was proven, without contradiction, that it never carried on any business. Nevertheless, it was regarded as dissolved, and it was considered that, under the circumstances, no report in 1876 was required of the company.

The court said in that case : " The statute invoked by the plaintiff has often been declared to be highly penal and not to be extended by construction. We think the case made by him comes neither within its phraseology nor its intent."

Here a kindred case is presented. The action of the trustees in December, 1876, was declarative of an intention to abandon the further transaction of any business, made emphatic by asking the attorney-general to consummate that intention by an absolute legal dissolution ; and by that act the corporation surrendered its existence to the people of the state, a surrender accepted by the institution of proceedings for its dissolution, which were begun during the twenty

days in January, and subsequently accomplished. It certainly never was in the contemplation of the legislature, and, therefore, not within the intention of the act, that trustees, under such circumstances, would be bound to make a report when the dissolution of the company was virtually accomplished by the circumstances detailed.

The judgment should be reversed and new trial ordered, with costs to appellant to abide event.

VAN BRUNT, P. J., and BRADY, J., concurred.