The Bank of the Metropolis, Appellant, *v.* Eberhard Faber, Respondent.

*Liability of a director of a corporation which filed a defective annual report — what is insufficient documentary proof that the defendant was a director — a certified copy of the certificate of incorporation and annual reports as evidence thereof — an answer not denying an allegation of the complaint that the defendant was a director.*

In an action brought to charge an alleged director of a corporation with liability for its debts because of its failure to file its annual reports in the years 1892 and 1893 in the form required by the statute — the reports actually filed being verified by only one of its officers — the fact that the defendant was a director of the corporation at the time the indebtedness accrued is not sufficiently established by evidence consisting of a certified copy of the certificate of incorporation of the company, filed in 1887 in the office of the Secretary of State, on which, in addition to other names, is that of the defendant as a trustee to manage the affairs of the company for the first year, together with certified copies of the so-called annual reports filed in 1892 and 1893, in which the defendant's name appears as a stockholder and trustee, each verified by the president of the corporation, who swore that each report was signed by a majority of the trustees, and the complaint in an action brought against the same defendant and others, alleging that he was a director or trustee of the corporation, and an answer thereto, purporting to be signed and sworn to by the defendant, in which there is no denial of the allegation that he was a director.

Assuming that the certified copy of the certificate of incorporation, acknowledged by the defendant, might, under section 933 of the Code of Civil Procedure, giving to it the same effect as the original, have been sufficient to dispense with

. proof of the actual signing of the original certificate by the defendant, and to establish the defendant's directorship for the first year, the further inference that the defendant continued after the expiration of that year to serve as a director of the corporation, which was organized under the Manufacturing Act (Chap. 40 of the Laws of 1848), cannot be drawn therefrom, under the authority of section 23 of the General Corporation Law (Chap. 687, Laws of 1892), which provides that "every director shall continue to hold his office and discharge his duties until his successor has been elected," as the provisions of that act are confined to corporations organized under it or controlled by its provisions.

In the case of the signing of the annual reports, the affidavit of the president, while sufficient to entitle the reports to be filed, does not show that they were in fact signed by the defendant.

The failure of a defendant to deny by his answer a statement made in a complaint is an admission only "for the purposes of the action" in which the answer is served, and is not an admission of the truth of the statement for the purposes of another action.

APPEAL by the plaintiff, The Bank of the Metropolis, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 10th day of August, 1898, upon the dismissal of the plaintiff's complaint upon the merits by direction of the court, rendered after a trial before the court without a jury at the New York Trial Term.

*D. M. Porter*, for the appellant.

*Francis Forbes*, for the respondent.

O'BRIEN, J.:

The action was brought to charge the defendant, as a director of the F. J. Kaldenberg Company, with liability upon a promissory note of that company, upon the ground of the company's failure to file annual reports in the years 1892 and 1893.

To create a liability upon this ground it was incumbent upon the plaintiff to establish three things: The debt of the corporation, the failure to file a report, and the trusteeship of the defendant at the time the default in filing the report was made. A paper was filed, purporting to be a report, but, being verified by only one officer, it was not a compliance with the statute and, so far as the liability of directors is concerned, was equivalent to a failure to file any report, and made them liable for the debts of the corporation then existing or thereafter to be contracted until a legal report was filed. (*Manhattan Co.* v. *Kaldenberg*, 27 App. Div. 31.)

In regard to the debt of the corporation, we think the contention that it was not sufficiently proved is untenable.   The note bears the signature of the Kaldenberg Company, attested by its president and treasurer, and such signature was vouched for by the assistant cashier of a bank who was familiar with the signature.   The suggestion that there was no identification of the signature thus testified to with that of the note in suit seems to be hypercritical.   It is quite evident to us, as it must have been upon the trial, that what the witness was speaking about was the note in suit, which was the only note or paper, so far as appears, purporting to bear the company's signature that was in question or discussed upon the trial.

The failure, however, to prove that the defendant was a director of the company at the time the indebtedness to the plaintiff accrued, we think, was fatal to a recovery.   To prove it, the plaintiff introduced a certified copy of the certificate of incorporation of the company made and filed in the office of the Secretary of State in 1887, which, in addition to other names, gives that of the defendant as a trustee to manage the affairs of the company for the first year.   In addition there were copies, similarly certified, of the so-called annual reports, filed January 27, 1892, and January 31, 1893, in which the respondent's name appears as a stockholder and trustee, and as to each of which the president, Kaldenberg, swears that it was signed by a majority of the trustees.   There was also offered in evidence a complaint in an action brought by the Ninth National Bank against this defendant and others, which alleged that the defendant, with others, was a director or trustee of the company, and a copy of the answer therein, purporting to show that in the original, signed and sworn to by the defendant, there was no denial of the allegation that he was a director.   The court excluded the evidence, and we think properly, for the reason that, assuming without deciding that the copy was equally available as the original to prove any statement therein contained, we do not think that the failure in the answer to deny the allegation of the complaint as to the defendant's being a director was competent proof of that fact.   The rule is well settled, as expressed in *Cook* v. *Barr* (44 N. Y. 158), in regard to admissions contained in pleadings in another action between different parties : " When a party to a civil action has made admissions

of facts material to the issue in the action, it is always competent for the adverse party to give them in evidence, and it matters not whether the admissions were in writing or by parol, nor when nor to whom they were made." It will be noticed, however, that it is only *admissions* that are competent, and the failure of a defendant in an action to deny by his answer a statement made against him in the complaint is not an admission for all purposes whatever of the truth of such statement, although, pursuant to the Code, for the purposes of that action it must be taken as true.   (Code Civ. Proc. § 522.)  The Code provides that "each material allegation of the complaint, not controverted by the answer   *   *   *   must, for the purposes of the action, be taken as true."   The provision thus limits it to the action in which the answer is served, and a failure to deny an allegation made in one action cannot be held to be an admission by the defendant for the purposes of any other action.

This brings us to the question of the probative force of the certificate of incorporation, and of the reports as filed.  A copy of the original certificate, certified by the Secretary of State, was produced, from which it appeared that the original bore the signature of the defendant and was acknowledged by him, and pursuant to section 933 of the Code of Civil Procedure, which makes a paper so authenticated evidence as if the original were produced, it may be, considering the acknowledgment, that, under section 937 of the Code of Civil Procedure, this was sufficient evidence, without proof of the actual signing by the defendant, that he did execute it.  What the Code of Civil Procedure, however, seemingly provides is that a paper so authenticated, as required by section 933, shall have the same, but only the same, force and effect as the original.  And if the original itself had been produced, would it not still have been necessary to prove the defendant's signature thereto in that he had acknowledged the execution of the same?

Assuming, however, the copy of the certificate produced to have been proof of the defendant's act, the further inference sought to be drawn by the plaintiff, that the defendant continued to serve as a director until 1893, is not justified.  It is true that, under the General Corporation Law of 1892 (Chap. 687, § 23), it is provided that "every director shall continue to hold his office and discharge his duties until his successor has been elected."  But that necessarily

must be confined to corporations organized under that act or controlled by its provisions. The Kaldenberg Company, however, was organized prior to 1892, under the Manufacturing Act of 1848 (Chap. 40), which did not contain any such provision. With regard to the original certificate, therefore, we may assume that it proved the defendant's trusteeship to manage the affairs of the company for the first year from April 20, 1887, to April 20, 1888, but after the latter date the defendant did not presumptively hold over. Presumptively, he went out at the end of his term. (*Van Amburgh* v. *Baker*, 81 N. Y. 48.) As said by Judge EARL in that case : " They were not bound to hold over. Unless they chose to act, their offices became vacant at the end of the year. It was not necessary for them to resign at the end of the year to produce a vacancy. The vacancy would come from the termination of their terms of office." It was incumbent on the plaintiff, therefore, to prove that the defendant acted as trustee after the expiration of the year, and there is here an entire absence of such proof.

With respect to the reports, while the defendant's name is stated therein as a director, there is nothing to show by whom they were signed ; there is no evidence that the defendant, in fact, signed them. The affidavit of Kaldenberg was sufficient to entitle these reports to be filed, but it did not bind the defendant when sued as a director. The effect of the certified copies of these reports was the same as though the original reports had been produced in court. In that case, however, it would still have been necessary to present proof of the defendant's signature thereto. Such proof as against him was not afforded by Kaldenberg's affidavit appended to the report in compliance with the statute.

For the reason, therefore, that there was no sufficient evidence to prove that the defendant was a director in the company when the obligation was incurred or the default in filing the report was made, we think the dismissal of the complaint was proper, and the judgment appealed from should be affirmed, with costs.

VAN BRUNT, P. J., BARRETT, RUMSEY and PATTERSON, JJ., concurred.

Judgment affirmed, with costs.