TYSEN et al. v. FRITZ.

(Supreme Court, Appellate Division, Second Department. November 21, 1899.)

1. CORPORATIONS — DIRECTORS — TERMS OF OFFICE—LIABILITIES—FAILURE TO FILE ANNUAL REPORT.
　　Where defendant was elected director of a corporation organized under the manufacturing act of 1848, after section 4, c. 40, of said act had been repealed by Laws 1890, c. 563, providing that every director shall continue to hold his office until his successor has been elected, he continues to be a director until his successor is elected, and hence is liable for a debt of the corporation on account of a failure during this time of the proper officers to file an annual report, as required by Laws 1892, c. 688, § 30 (Gen. Laws, c. 36).

2. APPEAL—OBJECTIONS NOT RAISED BELOW.
　　Where an answer is not responsive to the question, and the party does not ask to have it stricken out, and fails to call the court's attention to it in any manner, he cannot afterwards complain that it was prejudicial to his interests.

Appeal from trial term, Richmond county.

Action by Edward P. Tysen and Joseph O. Totten against Henry Fritz. From a judgment for plaintiffs and an order denying a motion for new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Malcolm R. Lawrence, for appellant.
Sidney F. Rawson, for respondents.

WOODWARD, J. This action was brought to recover from a director of a corporation a debt of the corporation on the failure

of the proper officers to file annual reports, as required by section 30 of chapter 688 of the Laws of 1892 (chapter 36, Gen. Laws). Plaintiffs produced evidence in support of the various facts necessary to constitute a cause of action, and the jury found in their favor. From a judgment entered upon the verdict of the jury, and from the order denying a motion for a new trial, appeal comes to this court; the appellant urging that he was not a director of the corporation, under the law, and that the trial court erred in the rejection and reception of evidence. The most important point to be considered is whether the appellant was, in law, a director of the corporation at the time of the default in filing the report required by the statute; it being conceded that the corporation owed the debt, and that the plaintiff had exhausted his remedy against the corporation. The contention of the appellant is that, as the corporation of which he became a director and treasurer in 1892 was organized under the Laws of 1848, there is no presumption that he continued a director up to and including the month of January, 1897, at which time the default is alleged; and this proposition receives some support in the case of Bank v. Faber, 38 App. Div. 159, 56 N. Y. Supp. 542, where the court held that a corporation organized prior to 1892, under the manufacturing act of 1848, is not governed by the rule found in the statute of 1892 (section 23, c. 687), that "every director shall continue to hold his office and discharge his duties until his successor has been elected." There is no proof that the defendant was ever elected after the meeting held in 1892, at which time he was chosen to fill a vacancy, though there is evidence which would warrant the jury in finding that he did take part in a meeting in 1896, after which time it is not urged that he did any act which indicated that he was not to be considered as a director. It is, perhaps, unnecessary, under the circumstances, to consider the law in force at the time of the alleged default; but, as the defendant insists that the evidence in support of his acting as a director in 1896 was improperly admitted, it may not be out of place to review the history of the legislation upon this point. Section 4 of chapter 40 of the Laws of 1848, known as the "Manufacturing Act," provided that, if it should happen at any time that the trustees should not be elected on the day provided by the by-laws, the corporation should not be dissolved, but that it should be "lawful on any other day to hold an election for trustees, in such manner as shall be provided for by the said by-laws, and all acts of trustees shall be valid and binding as against such company until their successors shall be elected." Chapter 563 of the Laws of 1890 repealed section 4 of the manufacturing act, and by section 18 enacted that, in the event of a failure on the part of the corporation to elect on the proper day, it should have the power to elect directors at a subsequent date, and that "every director shall continue to hold his office and discharge its duties until his successor has been elected." Lest there should be some mistake about the intention of the legislature to amend the laws under which the various corporations were operating at that time, section 25 provided that "the provisions of this chapter, so far as they are-

substantially the same as those of laws existing on April 30, 1891, shall be construed as a continuation of such laws, modified or amended according to the language employed in this chapter, and not as new enactments." This act was to take effect on the 1st day of May, 1891, and it is to be understood merely as an amendment of section 4 of chapter 40 of the Laws of 1848; so that when the defendant accepted a place as a member of the board of directors of the California Vintage Company, in 1892, he took office under the law as it then stood, and he could not free himself from the obligations growing out of that trust without having some one elected in his stead, unless it should be that the corporation actually went out of business, as in the case of Losee v. Bullard, 79 N. Y. 404. This provision of the law was re-enacted as section 23 of chapter 687 of the Laws of 1892, with the same provision as to the construction to be given it; so that the law, during all the time that the defendant was in office, made him liable for a failure to perform any of the acts required by law to be performed by a director of the company. Having once accepted the trust, he could not, without severing his connection by disposing of his stock, rid himself of the responsibilities of his position, except by procuring the election of his successor. He could not go on year after year, neglecting to insist upon an annual election, and he absolved from his obligations as a director. It was to compel directors to direct the affairs of the corporations with which they were connected that section 30 of the stock corporation law (chapter 36, Gen. Laws) was enacted, and the decision in this case is not controlled by that in the case of Van Amburgh v. Baker, 81 N. Y. 46, which arose prior to the amendment of chapter 40 of the Laws of 1848, and was controlled by the statute as it then existed. Independently, therefore, of the evidence that the defendant was present and acted as a director in 1896, we are of opinion that the appellant was a member of the board of directors at the time of the alleged default in filing the certificate required by law. In Bank v. Faber, supra, it was sought to enforce against the defendant the indebtedness of the Kaldenburg Company (of which he was one of the original directors), by reason of a default in filing the annual report. The corporation was organized under the manufacturing act of 1848, in 1887. The court held that, conceding the election of the defendant in April, 1887, he held office for one year, and that there was no presumption, under the provisions of the manufacturing act, that the defendant held over; that the presumption was that he went out of his office at the end of his term. It is to be observed, however, that the defendant in that case was elected as a director in 1887, before the enactment of chapter 563 of the Laws of 1890, and at that time there is no doubt that the presumption of law was as stated by the court. In the case at bar the defendant was elected after the manufacturing act had been amended, and he came into office under a law which provided that "every director shall continue to hold his office and discharge its duties until his successor has been elected." The default alleged in the Bank Case, supra, was made in 1893, but the defendant was not shown to have

been in office except during the year from April, 1887, to April, 1888, under a statute that raised no presumption of his having continued in office after the expiration of the time for which he was elected. When the facts are understood, there is no conflict between the conclusion which we have reached and that announced by the court in Bank v. Faber, supra.

We are also satisfied that the plaintiffs sustained the burden of proof in establishing the default. The certificate of the secretary of state, in 1898, that he has made a diligent search, and has failed to find any annual report of the corporation specified, is certainly broad enough to cover the period of January, 1897.

The attention of this court is called to an alleged error in the admission of the evidence of one Hamlin, who appears to have had charge of the business of the California Vintage Company. The question was asked:

"What, if anything, did Mr. Fritz say regarding fixing the books so as to show that he was not a director? A. I suppose I will have to answer that question. Q. I don't see any way for you to escape it, if anything was said. A. Mr. Lawrence stated there was only one or two ways out of the thing that he saw, and that was either to destroy the minute book, or remove that page from the book which contained his election as an officer of the company."

The question was objected to as incompetent, immaterial, and irrelevant. Objection overruled, and the witness answered as above stated. The question, as asked, was not open to any of the objections stated. It was proper for the witness to testify to any remarks of the defendant, made in his presence, bearing upon the question of his liability. The answer was not, however, responsive to the question. It did not undertake to give the language of Mr. Fritz, but of a Mr. Lawrence. The defendant did not ask to have the answer stricken out. He relied, if at all, upon his objections to the materiality, competency, or relevancy of the question, and did not call the attention of the court to the answer in any manner. He cannot now be heard to urge that the answer was prejudicial to his interests. The trial court cannot be said to have erred in respect to a question on which no ruling was made.

We have considered the exceptions to the charge of the trial judge, as well as those to the admission or exclusion of evidence; and we are unable to discover reversible error in the case. If we are right in concluding that the act of 1848 was amended by the act of 1890, so that the directors were obliged to hold over until the election of their successors,—and upon this point we have no doubt,—then the charge of the trial court was as favorable to the defendant as could be expected, or as he had any right to expect, and it is the duty of this court to affirm the judgment and order appealed from.

The judgment and order appealed from should be affirmed, with costs. All concur.