Motion denied, with $10 costs to plaintiff on each motion.

---

## ST. GEORGE VINEYARD CO. v. FRITZ.

(Supreme Court, Appellate Division, First Department. February 23, 1900.)

1. CORPORATIONS—LIABILITY OF DIRECTORS—ACTIONS—BOOKS OF COMPANY AS EVIDENCE.

In an action by the creditor of a corporation against a director to establish a liability under Stock Corporation Law, § 30, for failure to publish an annual report, the books of the company are competent evidence to prove that defendant was a director.

**2. SAME.**

A director of a corporation, who acted as such, cannot claim that he was not eligible, in order to escape liability for failure to publish an annual report.

**3. SAME—PLEADING.**

An objection that plaintiff foreign corporation has not filed the certificate required by law to enable it to do business in the state, must be raised by the pleadings.

**4. SAME—NOTICE.**

Laws 1899, c. 354, amending the stock corporation law, by providing that no director or officer of a corporation shall be liable to a creditor "because of any failure to make or file an annual report, whether heretofore or hereafter accruing," unless written notice is served on him within three years, does not apply to actions to enforce such liability, commenced before its passage.

Appeal from trial term, New York county.

Action by the St. George Vineyard Company against Henry Fritz. From a judgment for plaintiff, and an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

Malcolm R. Lawrence, for appellant.

George E. Morgan, for respondent.

PATTERSON, J.   The plaintiff, alleging that the defendant, Fritz, was in the year 1897 a director of the California Vintage Company, a corporation of the state of New York, brought this action to enforce the liability created by section 30, of the stock corporation law, for the failure to file an annual report of that corporation during the month of January, 1897, as required by that section.   The plaintiff was a creditor of the corporation.   The complaint, after alleging the indebtedness, and that the defendant, Fritz, was a director of the corporation, sets forth a failure to make and file the report as required by law, and that the defendant did not file, within 30 days after the 1st of February, or at any other time, the certificate mentioned in the thirtieth section as being necessary to exempt a director from liability.   The defendant, Fritz, in his answer, denied all the substantial averments of the complaint.   On the trial the indebtedness was fully established, and the default in filing the report and the certificate referred to was fully proven.   The issue of fact was litigated as to the defendant, Fritz, actually being a stockbroker and director of the company, and he further claimed that by reason of an amendment (chapter 354, Laws 1899) to the stock corporation law he was exempted from liability, because the plaintiff did not serve upon him a written notice required by section 34 of the stock corporation law, which is a section added to that law, and constitutes the amendment referred to.   The plaintiff had a verdict, and from the judgment entered thereon, and from an order denying a motion for a new trial, the defendant, Fritz, appeals.

It is urged on his behalf that there was no competent proof to show that he was a director of the California Vintage Company at the time the indebtedness to the plaintiff accrued.   That indebtedness arose on promissory notes dated and maturing in the year 1897.   The plain-

tiff showed by the only stock book the company had or used that a certificate of stock had been issued to Fritz. The certificate itself was not produced, but an entry on the stub of the certificate book showed that one had been issued. The directorship was proven by the record of the company contained in the minute book of the proceedings of its board of directors, and in connection with that evidence the president of the company testified that Fritz was present at meetings of the directors, and participated therein, taking an active part in the business transacted at such meetings. From this minute book it was shown that the defendant, Fritz, was elected a director of the corporation in the year 1892, and by the by-laws of the company read in evidence it appeared that directors were to hold office for a year, or until their successors were elected. Subsequent to 1892, no election for directors was held. If the defendant, Fritz, became a director in 1892, he continued to be and was such, with the duties and responsibilities attached to the position, when the indebtedness to the plaintiff was incurred. That results not only from the by-laws, but from the provisions of statutes relating to the subject as is pointed out in Tysen v. Fritz, 44 App. Div. 582, 60 N. Y. Supp. 923, which was an action against this same defendant as a director of this same corporation. But the competency of the evidence by which Mr. Fritz's relation to the company as a director was established is challenged. In the main, that evidence is from the books of the company. While those books would not have been competent evidence against a stranger, or as against Mr. Fritz in an action in which the company itself sought to enforce a liability against him arising out of some dealing by him with it as an individual, they were competent to establish that the defendant, Fritz, was a director, and, if it were necessary, that he was a stockholder. The books of a corporation "were received in evidence generally to prove acts of a corporation, such as its incorporation, its lists of stockholders, its by-laws, the formal proceedings of its board of directors, and its financial condition when its solvency comes in question." Rudd v. Robinson, 126 N. Y. 118, 26 N. E. 1046, 12 L. R. A. 473. The records of this corporation show that the defendant was a stockholder, and also that he was elected a director, and that he acted as a director; in addition to which there is independent proof that he did act as a director. Having been elected a director, and it being shown by independent evidence that he accepted the position, and took part in the business and affairs of the corporation, he cannot, in order to avoid liability arising out of the failure to file an annual report, claim that he was not eligible as a director. This does not result from an estoppel, but "as a consequence of the rule that one who enters upon the office and exercises its functions is responsible for his acts to the same extent as though he of right occupied the position." Donnelly v. Pancoast, 15 App. Div. 323, 44 N. Y. Supp. 104. It was claimed at the trial that the plaintiff, a foreign corporation, had not filed the certificate required by law to enable it to do business within this state. Upon that point it is sufficient to say that it is not raised by the pleadings. The defendant, Fritz, is, therefore, liable, unless that liability has been extinguished by the provisions of the new section (34) added to the

stock corporation law by the amendment of 1899. It is provided by subdivision 2 of that section that no director or officer shall be liable to any creditor of the corporation "because of any failure to make or file an annual report, whether heretofore or hereafter accruing, unless, within three years after the occurrence of the act or the default in respect of which it shall be sought to charge the director, * * * such creditor shall have served upon such director * * * written notice of his intention to hold him personally liable for his claim; provided, nevertheless, that any such liability because of any such default now existing * * * may be enforced by action begun at any time within the year 1899, or by action begun thereafter, if within such year written notice of intention to enforce such liability shall have been given as above provided." As said before, the protection of this amendment is not claimed by the defendant in his pleading. The plaintiff's contention is that that should have been done, it insisting that the requirement of section 34 is a proviso only, and not an exception, and invoking the rule that the plaintiff is not bound to anticipate by negative allegations a proviso, but may leave that to his adversary. Rowell v. Janvrin, 151 N. Y. 67, 45 N. E. 398. In the view we take of the effect of this amendment, it is unnecessary to consider whether what is enacted as to notice by the thirty-fourth section constitutes an exception or a proviso. It seems to require the service of a written notice as a condition precedent to liability, and, if that is so, the performance of the condition precedent would be a part of the cause of action. But we do not pass upon that point, as we think the proper construction of the statute is such as to render it unnecessary to determine a question of pleading in this case. The amendment does, in express words, refer to cases in which there has been a failure to file a report, either before or after its enactment, but there is nothing in its terms or by necessary implication therefrom to authorize the construction that its retroactive operation shall be such as to destroy causes of action already put in suit, and in which the parties are awaiting the judgment of the court. This action was begun, and was at issue nearly two years before the amendment to the statute was passed. The right to bring and maintain it was complete when it was brought. The amendment introduced by the thirty-fourth section does not destroy the cause of action. Full effect can be given to its retroactive provision by construing the word "heretofore" as applying to defaults which occurred before the passage of the amendment, but as to which rights have not become fixed, and upon which actions have not been brought to enforce such rights. It is true that the liability of a director is penal in its character, and that the amendment affects the right thereafter to sue the director upon that liability. It makes the service of a notice necessary, but it is not to be inferred from that that it was the intention of the legislature to abate and destroy actions pending and ripe for trial. Liability is not extinguished, nor the penal provision of the thirtieth section repealed.

We have had occasion to consider the effect of legislation depriving creditors of insolvent banking corporations of their right to enforce the statutory liability of stockholders under section 52 of the

banking law of 1892. By chapter 441 of the Laws of 1897 that section was amended so as to provide that, wherever such corporation was dissolved by final order of the court having jurisdiction, and a permanent receiver or receivers shall have been appointed, all actions or proceedings to enforce the liability of stockholders should be begun and prosecuted only in the name and in behalf of such receiver or receivers, unless they have refused to take any action upon proper request. In Mahoney v. Bernhard (Sup.; decided Nov. term, 1899) 63 N. Y. Supp. ——, which was a creditors' suit against a stockholder, it was held that the contention that that amendment applied to an action actually pending when it was passed was untenable, and that the retrospective language used in the amendment did not affect such pending action. We think the same construction should be given to the amendment of 1899 of the stock corporation law, although it may affect a right, while the other statute affected only a remedy; and that the legislature in amending the stock corporation law intended nothing else. In pending actions a written notice of the election of the creditor to hold the director liable had already been given in the summons and complaint. The amendment does not require any particular form of written notice, and it would be an unreasonable construction to hold that an action in which the issue was fraud is to be made to abate by the terms of a statute subsequently passed which does not repeal the law creating the liability, and that a plaintiff regularly in court at the time the amendment was enacted must abandon his action, be subjected to the payment of costs of that action, serve a written notice of an intention to do what he has already given notice of in writing, and then bring another suit upon the same cause of action within a time limited by the amendment. If the construction contended for by the appellant is correct, then a suitor who obtained judgment prior to the passage of the amendment, and from which an appeal had been taken and was pending during the year 1899, but not determined until that year expired, and then reversed by the court of last resort because of some technical defect of proof, or some erroneous ruling on evidence, would, on a new trial, be subjected to the dismissal of his complaint, with costs of all the prior proceedings, and be unable to bring a new action, for he could not comply with the requirement of the amendment. There must have been some legislative purpose or intent in passing this amendment of 1899. We are unable to perceive that there could have been any other legitimate object than to give an opportunity to a director to make payment or settlement of a claim against him, and thus save himself the costs of an action, or put himself in a position by paying the debt to be subrogated to the rights of the creditor, or enforce contribution from his co-directors. Subrogation and contribution do not depend on the notice to be given by the creditor, but upon the payment of the creditor's claim. To that end it is not essential that existing actions should be discontinued. It is not required, to effectuate all that it was intended to accomplish by the provision, that it shall be held to apply to causes of action already in suit, to which the defendant has pleaded, and in which a written notice has been given by the complaint. Full effect can be given to the retrospective

requirement of the amendment without resorting to such a construction, or impute to the legislature such an extraordinary intent. If the whole liability had been repealed, a different question would arise, but the case is not to be treated as one in which a penal statute has been repealed. There still exists a law under which, after trial, judgment would be authorized. The liability still exists, but is only regulated by the thirty-fourth section, and, before that can be held to apply to existing actions, it should be plain that no other construction can be given reasonably to the amendment than that such actions were to abate.

The judgment and order appealed from must be affirmed, with costs. All concur.