Where there was sufficient evidence to warrant a finding that glass shipped over defendant's road was delivered in good condition on the car, and it was conceded that, if such was the fact, defendant was liable for its delivery at its destination in a broken condition, a verdict assessing damages will be sustained.

Appeal from city court of New York, general term.

Action by Nathan Hutkoff against the Pennsylvania Railroad Company. From a judgment in favor of plaintiff (61 N. Y. Supp. 254), defendant appeals. Affirmed.

Argued before TRUAX, P. J., and DUGRO and SCOTT, JJ.

Robinson, Biddle & Ward, for appellant.
Nathan, Leventritt & Perham, for respondent.

PER CURIAM. The evidence of the witness Sammeck warrants a conclusion that the glass was in good condition when it was delivered upon the car. As the defendant's counsel upon the argument conceded that, if this conclusion was warranted, the judgment must be affirmed, it is affirmed, with costs.

---

### GUNDLACH–BUNDSCHU WINE CO. v. FRITZ.

(Supreme Court, Appellate Division, First Department. March 9, 1900.)

CORPORATIONS—DIRECTORS' LIABILITY—AMENDMENT OF STATUTE.

 Laws 1899, c. 354, amending the stock corporation law (Gen. Laws, c. 36, art. 2) by providing that no director of a corporation shall be liable to a creditor of the corporation "because of any failure to make or file

an annual report, whether heretofore or hereafter accruing," unless written notice is served on him within three years, does not apply to actions to enforce such liability, commenced prior to its passage.

Appeal from trial term, New York county.

Action by the Gundlach-Bundschu Wine Company against Henry Fritz. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Malcolm R. Lawrence, for appellant.
Charles G. F. Wahle, for respondent.

INGRAHAM, J. The action was brought to recover the amount of a claim of the plaintiff against the California Vintage Company, a corporation of which the defendant was a trustee or director. At the end of the plaintiff's case the defendant moved to dismiss the complaint, but introduced no evidence, whereupon the court directed a verdict for the plaintiff, to which the defendant excepted. The defendant now asks to reverse this judgment upon the ground that by the amendment to article 2 of chapter 36 of the General Laws, known as the "Stock Corporation Law" (chapter 354, Laws 1899), the right to recover the penalty was taken away, and consequently the defendant was entitled to judgment. The effect of this statute upon an action commenced prior to its passage was before this court in the case of Vineyard Co. v. Fritz (decided Feb. 23, 1900) 62 N. Y. Supp. 775, and it was there held that this statute did not affect such an action. As we are concluded by that decision, it follows that this statute is no defense to this action.

The appellant also calls our attention to several exceptions to rulings upon testimony, but we have examined them, and they do not appear to be important, or to require discussion.

No error appearing to justify a reversal of the judgment, it should be affirmed, with costs. All concur.