reason or by authority. As a result of a careful examination of the record and of the authorities, the conclusion is reached that the judgment and order appealed from should be affirmed, with costs.

Judgment and order affirmed, with costs. All concur.

---

## SHERPARD et al. v. FULTON.

(Supreme Court, Appellate Division, Fourth Department. November 20, 1900.)

CORPORATIONS—STOCKHOLDERS' LIABILITY.

Laws 1899, c. 354, amending the stock corporation law (Laws 1892, c. 688) by providing that no director of a corporation shall be liable to a creditor of the corporation "because of any failure to make and file an annual report, whether heretofore or hereafter accruing," unless written notice is served on him within three years, does not apply to actions to enforce such liability commenced prior to its passage.

Appeal from special term, Erie county.

Action by C. Sidney Sherpard and others against Harmon H. Fulton. From a judgment in favor of defendant, plaintiffs appeal. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

Reynolds, Stanchfield & Collin, for appellants.
Irving W. Cole, for respondent.

ADAMS, P. J. This action was brought to recover of the defendant, who was a director of a corporation known as the Eclipse Electric Lamp Company, certain corporate debts for which it is claimed he is liable by reason of an omission to file either the annual report or the verified certificate, as required by section 30 of the stock corporation law. No controversy arises over the facts of the case, the sole contention of the defendant being that by the amendment to the stock corporation law enacted in 1899 (Laws 1892, c. 688, as amended by Laws 1899, c. 354, adding section 34 thereto) the right to recover the penalty for a violation of the requirements of section 30 was abrogated, in consequence of which the plaintiff's complaint should have been dismissed. The action was commenced on February 3, 1899, and the act above referred to was not passed until April 18th of that year, and did not go into effect until the 8th day of May following. The question, therefore, which this appeal presents, calls for a determination of the effect of that statute upon actions which were commenced before, and were actually pending at the time of, its enactment. This precise question has recently been decided adversely to the appellants' contention by the appellate division of the First department in two cases, —Vineyard Co. v. Fritz, 48 App. Div. 233, 62 N. Y. Supp. 775; Wine Co. v. Same, 49 App. Div. 647, 63 N. Y. Supp. 198,—and those cases, until reversed, must be regarded as controlling upon this court. Without, therefore, discussing the various propositions advanced by

the counsel in their respective briefs, we feel ourselves constrained to follow the decisions above referred to, and to affirm the judgment appealed from.

Judgment affirmed, with costs. All concur.