THE WHITNEY ARMS COMPANY, Appellant, *v.* SAMUEL L. M. BARLOW, Impleaded, etc., Respondent.

In an action against a trustee of a manufacturing corporation to enforce the statutory liability (§ 12, chap. 40, Laws of 1848) imposed upon them, in case of a failure of the corporation, to make, file and publish an annual report, the *onus* is upon the plaintiff to prove the default; the statute being penal in its character, nothing can be presumed as against the defendant, and every fact necessary to establish his liability must be affirmatively proved; and this although it can only be done by proof of a negative.

Accordingly *held*, where it appeared, in such an action, that a sufficient report was made and filed, that it was not incumbent upon the defendant to show the publication thereof.

Plaintiff claimed, upon appeal, that the report was untrue. *Held*, that if the claim was well founded, it was not available to plaintiff in this action, as the penalty for making a false or untrue report is more comprehensive than that for failing to make, file and publish any report and is not imposed upon the same persons (§ 15), and, therefore, defendant was not called upon to meet the charge in this action.

This action was brought to recover of defendants, as trustees of the A. S. L. Co., an alleged indebtedness of said corporation for a quantity of locks sold and delivered to it by plaintiff. Prior to January 19, 1872, defendant's corporation was in default for failing to make, file and publish a report; on that day a sufficient report was made and filed. The locks were delivered under a contract made prior to the filing of the report, and it was claimed by plaintiff that some of the locks were delivered before that time, but plaintiff was then in default, and had not delivered the number of locks entitling it to demand payment of any sum. *Held*, that if plaintiff's claim as to delivery was well founded, there was no existing indebtedness at the time of filing the report, but simply an executory and contingent obligation, which could only grow into a debt by subsequent performance on the part of plaintiff; that the liability of defendants could not be extended by implication to such contingent obligations, not clearly within the terms of the act.

(Argued December 18, 1876; decided December 22, 1876.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York affirming a judgment in favor of defendant, entered upon an order dismissing plaintiff's complaint on trial.

This action was brought against defendants, as trustees of the American Seal Lock Company, a corporation organized

under the general manufacturing act (chap. 40, Laws of 1848), to enforce the statutory liability to pay the debts of the corporation imposed by said act upon the trustees (§ 12), in case of failure on its part to make, file and publish an annual report. The case is reported on a former appeal in 63 New York, 62.

The said corporation was organized in May, 1871. No report was made and filed until January 19, 1872, when a report was made and filed which, upon the former appeal, was held to be sufficient; a similar report was also made and filed January 18, 1873. No evidence was given on the trial as to the publication of the reports. The original capital stock was $300,000, all of which was issued in payment for certain patent-rights, and was so stated in the certificate. It appeared that at a meeting of the stockholders, held April 12, 1872, it was voted to increase the capital stock to $400,000, and certificates fixing the capital at that amount were filed with the secretary of State. It did not appear that the $100,000 was ever paid in or subscribed for. In the report for 1873, the capital stock was stated as $300,000.

On October 6, 1871, said corporation entered into a contract with plaintiff, of which the following are the material portions, so far as this case is concerned :

" The Whitney Arms Company hereby agree to manufacture for, and deliver to, the American Seal Lock Company twenty thousand (20,000) circular railroad locks, as per sample furnished them, on the following conditions, viz. : one thousand (1,000) of said locks to be completed and ready for delivery in six weeks from the date of this instrument, ten thousand (10,000) by December 1, 1871, and the balance to be ready for delivery as fast as practicable thereafter, and the entire contract of twenty thousand (20,000) locks to be completed and ready for delivery on or before the sixth (6th) day of January, 1872.

"All of the above locks to be packed in boxes (containing one hundred each) by the Whitney Arms Company, marked 'American Seal Lock Company, 744 Broadway, New York,'

and delivered to the depot of the New York and New Haven Railroad Company, or on board of steamboat, at the option of American Seal Lock Company, and a railroad receipt or bill of lading mailed to American Seal Lock Company, at their office in New York city.

"The American Seal Lock Company agree to receive from the Whitney Arms Company the twenty thousand (20,000) locks as heretofore specified, and to pay for them in sixty days from date, of each five thousand locks delivered, or sooner, if they receive their pay from the United States government on their vouchers, but in no case shall be delayed more than sixty days from date of each five thousand locks delivered, the price of each lock to be sixty (60) cents."

Plaintiff claimed a delivery under the contract, of some 700 locks, before January 19, 1872.

Further facts are set forth in the opinion.

*D. M. Porter* for the appellant. The burden of proof was upon defendants to show that they had complied with the statute. (*McMahon* v. *Harrison*, 2 Seld., 443; *Smith* v. *Smith*, 4 Paige, 432; *Dabney* v. *Stevens*, 10 Abb. [N. S.], 39; 40 How., 341; *Vincent* v. *Sands*, 11 Abb. [N. S.], 366, affirmed 58 N. Y., 673; *Smith* v. *Argall*, 6 Hill, 479; *Van-Ingen* v. *Whitman*, 62 N. Y., 513.) The case should have been submitted to the jury. (*Stone* v. *Flower*, 47 N. Y., 566.)

*Samuel Hand* for the respondent.

ALLEN, J. The report made and filed by the American Seal Lock Company, in 1873, is the same in all respects as that made by the same company in 1872, which, upon a former appeal in this action,* we adjudged sufficient in form and substance, and a full compliance with the requirements of section 12 of chapter 40 of the Laws of 1848. It follows, therefore, that the corporation was not in default after the 19th of January, 1872, for not making the report required by law to

be made by manufacturing corporations within twenty days from the first day of January in each year, and the defendant and the other trustees are not liable for debts contracted by the company during the years 1872 and 1873, after the making and filing of the report on the day named.

It was claimed, on behalf of the plaintiff, after the evidence was closed, that it·was incumbent upon the defendant to show the publication of the report of 1872. The plaintiff sought to charge the defendant with a statutory liability, penal in its character, by reason of the non-performance of a statutory duty by the corporation of which he was a trustee, and the onus was upon the plaintiff to prove the default, and that the statute had not been complied with. Nothing could be presumed as against the defendant, and every fact necessary to establish his liability was to be affirmatively proved, and it matters not that this could only be done by proof of a negative. The allegation was that the company had not made, filed and published its report as required by law, and upon this issue was taken, and the affirmative was with the plaintiff.

It is contended by the counsel for the plaintiff upon this appeal, although the position does not appear to have been taken upon the trial, that the report of 1873 was untrue, and, therefore, a non-compliance with the requirements of the ̀section before quoted in this, that in April, 1872, the capital stock of the company had been increased to $400,000, while the report in January thereafter states it at the original amount of $300,000. If this claim is well founded, and the trustees were mistaken as to the legal effect of the action of the stockholders authorizing the alleged increase, although no stock had been or was issued, and the resolution of the stockholders was dormant, the .fact is not available to the plaintiff in this action. This suit is based upon the allegation of an omission to make, file and publish any report, not upon an allegation of the falsity of a report made. The penalty for making a false or untrue report is prescribed by section 15 of the act before referred to, and is imposed upon the officers signing the same and not upon the body of the trustees, and makes them

liable for all the debts of the company, contracted while they are stockholders or officers thereof. The penalty is more comprehensive and far reaching, in respect to liability, than that imposed by section 12, and is not imposed upon the same persons. The defendant was not sought to be charged in the complaint as one of the officers making a report, false in material representations, and was not, therefore, called upon to meet such charge upon the trial.

The only question remaining is, whether there was evidence to go to the jury tending to establish an indebtedness existing against the Seal Lock Company, on the 19th day of January, 1872, the day on which the report of the company was filed, and which terminated the default before then, incurred by the company, and relieved the trustees from liability for debts thereafter created. The plaintiff argues that there was evidence for the jury of the delivery of at least 100 locks in December, and before the 19th day of January, 1872, for which the company was a debtor; that by such delivery, under the contract, a debt was created for which the defendant was liable.

The counsel for the plaintiff presented the question by two requests to the court, both of which were refused.

First. That a verdict should be directed for the amount of goods proved to have been delivered before the report filed in 1872; and, second, that it be submitted to the jury to determine how many goods were delivered prior to that time. The requests assumed that by the delivery of the goods an indebtedness was created. But if there was any delivery of goods it was under the contract, and there could be no liability except according to the terms of the agreement. At the time of filing the report in January, 1872, the plaintiff was in default so far as is disclosed by the evidence, and had not then delivered the number of locks entitling it to demand payment of any sum, and could only entitle itself to demand payment for those delivered, by the delivery thereafter of over 4,000 in addition to those now claimed to have been delivered, and the acceptance thereof by the Seal Lock Com-

pany. By the terms of the contract an obligation to pay only arose upon the delivery of 5,000 locks, and then the obligation became perfect, an indebtedness existed, although the purchasing corporation was entitled to a credit of sixty days for the payment thereof. There was no debt payable, either presently or in the future, by the Seal Lock Company, until 5,000 locks had been delivered, and that had not been done at the time of the filing of the first report. There was an executory contract under which a debt might accrue upon performance, but until performance it was but an executory and contingent obligation, which, if performed by the other party might grow into a debt. It was not an existing indebtedness. The act is, in its nature, to some extent penal, and the liability of the trustees cannot be extended by implication to contracts and contingent and conditional obligations not clearly within the terms of the act. This construction of the statute is recognized by the counsel for the plaintiff by the limit of the claim to a recovery for the locks actually delivered before the filing of the report. When the plaintiff should, under the contract, part with its property, and not before, it might become a creditor of the Seal Lock Company, with all the rights incident to that relation. If a different view should be taken, it would be found that the evidence of the delivery of any locks before the 19th of January, 1872, is very slight. The witness relied upon, to prove the delivery, the superintendent of the plaintiff; had no personal knowledge of any delivery, and utterly failed to prove that any were delivered. He saw some locks in the process of being packed, and boxed for the Seal Lock Company, but does not profess to have any knowledge of their delivery to the latter company, or to any carrier for it, and for the date of the packing he relies upon entries made by others in books not kept by himself, and what those entries were is not disclosed. For the locks delivered the plaintiff has receipts, signed by the agent and inspector for the Seal Lock Company, and these receipts are proved to have been given on the day, or at the farthest, the day after the delivery of each parcel, and the

earliest receipt bears date January 24, 1872. While the superintendent, in the early part of the trial, testified in respect to two packages, one containing 100, and the other 600 locks, which, from what he saw, and from the entries in the books, he supposed might have been delivered, the former on the 14th of December, 1871, and the latter on 12th of January, 1872, on a re-examination, at a later stage of the trial, he said that but 100 were delivered prior to the 17th of January, and that to his recollection none were delivered between the 14th of December, 1871, and the 17th of January, 1872, and that he had no personal knowledge of the delivery of any.

There was no evidence of the delivery of any on the last day named. But there was no evidence of a delivery or attempt to prove a delivery, such as is agreed upon by the contract, and which alone in the absence of acceptance by the purchasers could constitute a delivery which would charge them. It is expressly agreed that the locks shall be properly packed, and boxed, and addressed to the purchasers at a place named and delivered at the railroad depot, or on board steamboats, at the option of the purchaser, and a railroad receipt or bill of lading mailed to American Seal Lock Company at their office in New York city. There was no evidence that the purchasing company had given any directions as to the mode of conveyance, or that the locks were delivered at either of the places named, or that any receipt or bill of lading had been mailed as required, to make a good delivery, and there was no evidence that they at any time reached or were accepted by the Seal Lock Company. There could have been no recovery upon this evidence against the purchasing corporation, either for the 100 or 600 locks as for goods sold and delivered, or as for so many locks delivered under the contract. *A fortiori* the evidence would not have sustained a verdict against the defendant as trustee upon the statutory liability resulting from the failure of the corporation to report.

The judgment must be affirmed.

All concur.

Judgment affirmed.