BANK OF METROPOLIS v. FABER.

(Supreme Court, Appellate Division, First Department.   March 10, 1899.)

1. CORPORATIONS—ANNUAL REPORTS—VERIFICATION.
   Where the report required of a corporation was verified by only one
   officer, it was not a compliance with the statute, and, so far as the lia-
   bility of the directors was concerned, was equivalent to a failure to file
   any report.

2. SAME—NOTE.
   Where a note offered in evidence bears a signature of a corporation,
   attested by its president and treasurer, and such signature was vouched
   for by the assistant cashier of a bank, who was familiar with it, it is
   sufficiently proved to be the note of the corporation.

3. SAME—DIRECTORS—EVIDENCE—PLEADINGS IN FORMER ACTION.
   In order to prove that defendant was at a certain time a director of
   a corporation, an answer filed by such corporation in another action was
   offered in evidence, in which there was no denial of the fact, alleged in
   the complaint, that defendant was a director.   Held, that under Code Civ.
   Proc. § 522, providing that material allegations of the complaint not con-
   troverted by the answer must "for the purposes of the action be taken
   as true," failure to deny the allegations was not an admission by the
   defendant of the truth of such allegations for the purposes of any other
   answer.

4. SAME—TERM OF OFFICE OF DIRECTOR.
   Where a corporation was organized under the manufacturing act of
   1848 (Laws 1848, c. 40), which did not provide that every director should
   continue to hold office until his successor was elected, evidence that
   defendant was elected director and trustee in 1887 for one year was
   insufficient to show that he acted as such after the expiration of the year.

5. SAME.
   The affidavit of the president of a corporation to the annual report
   made under the statute, while sufficient to entitle the report to be filed,
   was insufficient to bind defendant as a director for the period of such
   report, though he was therein stated to be a director.

Appeal from trial term, New York county.

Action by the Bank of the Metropolis against Eberhard Faber.
From a judgment dismissing the complaint after a trial without a
jury, plaintiff appeals.   Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY,
PATTERSON, and O'BRIEN, JJ.

D. M. Porter, for appellant.
Francis Forbes, for respondent.

O'BRIEN, J.   The action was brought to charge the defendant, as
a director of the F. J. Kaldenberg Company, with liability upon a
promissory note of that company, upon the ground of the company's
failure to file annual reports in the years 1892 and 1893.   To create
a liability upon this ground, it was incumbent upon the plaintiff to
establish three things:   The debt of the corporation, the failure to
file a report, and the trusteeship of the defendant at the time the de-
fault in filing the report was made.   A paper was filed, purporting to
be a report;  but, being verified by only one officer, it was not a com-
pliance with the statute, and, so far as the liability of directors is con-
cerned, was equivalent to a failure to file any report, and made them

liable for the debts of the corporation then existing or thereafter to be contracted, until a legal report was filed. Manhattan Co. v. Kaldenberg, 27 App. Div. 31, 50 N. Y. Supp. 265.

In regard to the debt of the corporation, we think the contention that it was not sufficiently proved is untenable. The note bears the signature of the Kaldenberg Company, attested by its president and treasurer; and such signature was vouched for by the assistant cashier of a bank, who was familiar with the signature. The suggestion that there was no identification of the signature thus testified to with that of the note in suit seems to be hypercritical. It is quite evident to us, as it must have been upon the trial, that what the witness was speaking about was the note in suit, which was the only note or paper, so far as appears, purporting to bear the company's signature, that was in question or discussed upon the trial.

The failure, however, to prove that the defendant was a director of the company at the time the indebtedness to the plaintiff accrued, we think, was fatal to a recovery. To prove it, the plaintiff introduced a certified copy of the certificate of incorporation of the company, made and filed in the office of the secretary of state in 1887, which, in addition to other names, gives that of the defendant as a trustee to manage the affairs of the company for the first year. In addition, there were copies, similarly certified, of the so-called annual reports filed January 27, 1892, and January 31, 1893, in which the respondent's name appears as a stockholder and trustee, and as to each of which the president, Kaldenberg, swears that it was signed by a majority of the trustees. There was also offered in evidence a complaint in an action brought by the Ninth National Bank against this defendant and others, which alleged that the defendant, with others, was a director or trustee of the company, and a copy of the answer therein, purporting to show that in the original, signed and sworn to by the defendant, there was no denial of the allegation that he was a director. The court excluded the evidence, and we think properly, for the reason that, assuming, without deciding, that the copy was equally available as the original to prove any statement therein contained, we do not think that the failure in the answer to deny the allegation of the complaint as to the defendant's being a director was competent proof of that fact. The rule is well settled, as expressed in Cook v. Barr, 44 N. Y. 158, in regard to admissions contained in pleadings in another action between different parties:

"When a party to a civil action has made admissions of facts material to the issues in the action, it is always competent for the adverse party to give them in evidence; and it matters not whether the admissions were in writing or by parol, nor when nor to whom they were made."

It will be noticed, however, that it is only admissions that are competent; and the failure of a defendant in an action to deny by his answer a statement made against him in the complaint is not an admission for all purposes whatever of the truth of such statement, although, pursuant to the Code, for the purposes of that action it must be taken as true. Code Civ. Proc. § 522. The Code provides that "each material allegation of the complaint not controverted by the answer * * * must for the purposes of the action be taken as

true." The provision thus limits it to the action in which the answer is served, and a failure to deny an allegation made in one action cannot be held to be an admission by the defendant for the purposes of any other action.

This brings us to the question of the probative force of the certificate of incorporation and of the reports as filed. A copy of the original certificate, certified by the secretary of state, was produced, from which it appeared that the original bore the signature of the defendant, and was acknowledged by him; and pursuant to section 933 of the Code, which makes a paper so authenticated evidence as if the original were produced, it may be, considering the acknowledgment, that under section 937 of the Code this was sufficient evidence, without proof of the actual signing by the defendant, that he did execute it. What the Code, however, seemingly provides, is that a paper so authenticated as required by section 933 shall have the same—but only the same—force and effect as the original. And, if the original itself had been produced, would it not still have been necessary to prove the defendant's signature thereto, in that he had acknowledged the execution of the same? Assuming, however, the copy of the certificate produced to have been proof of the defendant's act, the further inference sought to be drawn by the plaintiff, that the defendant continued to serve as a director until 1893, is not justified. It is true that under the general corporation law of 1892 (Laws 1892, c. 687, § 23) it is provided that "every director shall continue to hold his office and discharge his duties until his successor has been elected." But that necessarily must be confined to corporations organized under that act, or controlled by its provisions. The Kaldenberg Company, however, was organized prior to 1892, under the manufacturing act of 1848 (Laws 1848, c. 40), which did not contain any such provision. With regard to the original certificate, therefore, we may assume that it proved the defendant's trusteeship to manage the affairs of the company for the first year, from April 20, 1887, to April 20, 1888; but after the latter date the defendant did not presumptively hold over. Presumptively, he went out at the end of his term. Van Amburg v. Baker, 81 N. Y. 48. As said by Judge Earl in that case:

"They were not bound to hold over. Unless they chose to act, their offices became vacant at the end of the year. It was not necessary for them to resign at the end of the year, to produce a vacancy. The vacancy would come from the termination of their terms of office."

It was incumbent on the plaintiff, therefore, to prove that the defendant acted as trustee after the expiration of the year, and there is here an entire absence of such proof.

With respect to the reports, while the defendant's name is stated therein as a director, there is nothing to show by whom they were signed. There is no evidence that the defendant in fact signed them. The affidavit of Kaldenberg was sufficient to entitle these reports to be filed, but it did not bind the defendant when sued as a director. The effect of the certified copies of these reports was the same as though the original reports had been produced in court. In that case, however, it would still have been necessary to present proof of the defendant's signature thereto. Such proof, as against him, was not

afforded by Kaldenberg's affidavit appended to the report in compliance with the statute.

For the reason, therefore, that there was no sufficient evidence to prove that the defendant was a director in the company when the obligation was incurred, or the default in filing the report was made, we think the dismissal of the complaint was proper; and the judgment appealed from should be affirmed, with costs. All concur.