SANFORD v. RHOADS et al.

(Supreme Court, Appellate Division, Second Department. June 8, 1906.)

1. CORPORATIONS—LIABILITY OF STOCKHOLDERS—STATUTES—LIMITATIONS.

Business Corporation Law, Laws 1892, p. 2044, c. 691, § 6, taken from Laws 1875, p. 763, c. 611, § 34, provides that stockholders of a full liability corporation shall be severally and individually liable for the corporate debts. Stock Corporation Law, Laws 1892, p. 1841, c. 688, § 55, taken from Laws 1875, p. 761, c. 611, § 25, provides that no stockholder shall be personally liable for any corporate debt not payable within two years from the time it is contracted. General Corporation Law, Laws 1890, p. 1060, c. 563, § 33, as amended by Laws 1892, p. 1813, c. 687, provides that, where there are in any corporate law provisions in conflict with any provisions of the general corporation law or the stock corporation law, the provisions so conflicting shall prevail. *Held*, that section 55 of the stock corporation law does not conflict with section 6 of the business corporation law, within the meaning of section 33 of the general corporation law, but merely governs the liability under section 6, in that it acts as a statute of limitations.

2. SAME—CORPORATE DEBTS—WHAT CONSTITUTE.

The liability of a corporation as an assignee of a lease stipulating for rent payable quarterly in advance is a contingent liability, which only ripens into a debt as the rent falls due, within the statutes making stockholders liable for corporate debts.

Appeal from Trial Term, Dutchess County.

Action by Robert Sanford against Benjamin T. Rhoads and others. From a judgment for defendants, plaintiff appeals. Reversed, and new trial granted.

See 80 N. Y. Supp. 404.

Argued before JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

Henry G. Sanford, for appellant.

Sol Tekulsky (Jacob A. Cantor, on the brief), for respondents Rhoads and others.

Louis F. Reed, for respondents West and Vogt.

Henry Herrold, for respondent Dauenhauer.

MILLER, J. The defendants are stockholders of a full liability corporation, and the action is to recover rent, taxes, and assessments pursuant to two written leases made, respectively, in 1892 and 1894, for the period of 20 and 10 years, respectively, and assigned to said corporation in 1896, which entered into the possession of the premises, and assumed the obligations of said leases. The annual rent was payable quarterly in advance. The precise point presented is whether section 55 of the stock corporation law (Laws 1892, p. 1841, c. 688) is applicable, and, if so, whether the obligations sued upon were debts contracted more than two years before they were payable. Section 6 of the business corporation law (Laws 1892, p. 2044, c. 691), under which the action is brought, provides, so far as material:

"If the corporation is formed as or becomes a full liability corporation all the stockholders of the corporation shall be severally individually liable to its creditors for all its debts and liabilities, and may be joined as defendants in any action against it."

Section 55 of the stock corporation law (Laws 1892, p. 1841, c. 688) provides, so far as material:

"No stockholder shall be personally liable for any debt of the corporation not payable within two years from the time it is contracted, nor unless an action for its collection shall be brought against the corporation within two years after the debt becomes due."

The appellant contends that said section 55 is in conflict with said section 6, and that therefore the latter section controls, pursuant to section 33 of the general corporation law (Laws 1890, p. 1060, c. 563, as amended by Laws 1892, p. 1813, c. 687). ·It has been held, however, by the Appellate Division, First Department, that the provision of said section 55, requiring an action to be brought within two years after the debt becomes due, is applicable to an action against stockholders of full liability corporations, to enforce the liability provided by said section 6, and that it being a statute of limitations does not conflict with said section 6, which contains no reference to a limitation of time within which an action can be brought. Adams v. Wallace, 82 App. Div. 117, 81 N. Y. Supp. 848.

We fully agree with the reasoning of Judge Patterson and the conclusion reached in the case cited, and, while it may be conceded that respecting the point involved in the case at bar there is an apparent conflict between the two sections—one section providing that the stockholders shall be liable for all debts and liabilities, the other that they shall not be liable for any debt not payable within two years from the time it is contracted—yet we think this conflict is more apparent than real, and disappears when viewed in the light of the history of the legislation. As pointed out by Judge Patterson, the provisions in question are taken from chapter 611, p. 755, of the act of 1875; said section 6 of the business corporation law being taken from section 34, p. 763, of said act of 1875, and said section 55 of the stock corporation law being taken from section 25, p. 761, of said act. Prior to the revision of 1890, the two provisions were therefore parts of the same act, and of course had to be construed together; and the fact that in the revision of 1890 these provisions were re-enacted in different chapters does not detract from the conclusion that the Legislature still intended them to be harmonized so far as possible. But, be that as it may, we think it clear that, notwithstanding the application of said section 55, the complaint still states a good cause of action, for the reason that the debts sued for were not contracted more than two years before they were payable, within the meaning of the statute. No debt was contracted when the leases were assigned to the defendant corporation. A contingent liability was incurred, which only ripened into a debt as the premises were used, or, the rent being payable quarterly in advance, as the rent of each quarter fell due. The distinction between debt and liability has frequently been recognized by law writers, but the subject· requires no extended discussion from this court, as there is clear authority in this state controlling upon us. In Garrison v. Howe, ·17 N. Y. 458, it was held, under a statute imposing individual liability upon trustees by reason of failure to file and publish the annual report for debts contracted during a default, that under a contract for

the sale and delivery of personal property at a future day the debt is not contracted, within the meaning of the statute, until the delivery of the property. This case is cited with approval and the doctrine reaffirmed in Gold v. Clyne, 134 N. Y. 262, 31 N. E. 980, 17 L. R. A. 767, and the same rule was followed in Whitney Arms Co. v. Barlow, 68 N. Y. 34. It is true that these cases strictly construed statutes held to be penal, and the decision in each case was in favor of the stockholder; but the rule must work both ways, and if the debt is to be regarded as contracted at the time the contingent liability matures into an existing indebtedness when such construction will relieve a stockholder from liability, it must equally be adopted when it would make the stockholder liable. Besides, the liability in question is not penal, but is in the nature of a contract obligation (Cochran v. Wiechers, 119 N. Y. 399, 23 N. E. 803, 7 L. R. A. 553); and this construction effectuates the plain legislative intent which was to prevent stockholders being made liable for debts where a longer term of credit than two years had been extended the corporation. It follows that the complaint states a good cause of action as to rents, assessments, and taxes accruing within two years prior to the commencement of the action.

The judgment and order must be reversed, and a new trial granted; costs to abide the event. All concur.