THISTLE v. JONES.

(Supreme Court, Appellate Division, Second Department.   December 23, 1907.)

1. PLEADING—DEMURRER—JUDGMENT.
    Where no leave is given to the withdrawal of a demurrer to a special
defense after the same is overruled, the demurrer is in the record, and
a judgment for defendant on the pleadings is proper.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 570.]

2. CORPORATIONS—LIABILITY OF DIRECTORS—NATURE OF DEBTS.
    The liability of a corporation for rent accruing from August 1, 1902,
to June 11th following, under a lease executed in 1899, and fixing a month-
ly rental, is a liability within Membership Corporation Law, Laws 1895,
p. 335, c. 559, § 11, making the directors of a membership corporation
liable for any debt of the corporation contracted while they are directors
and payable within one year or less from the date when contracted.

3. SAME—PLEADING—SEPARATE DEFENSES—SUFFICIENCY.
    In an action against directors of a membership corporation for rent
accruing under a lease, an answer alleging that the indebtedness sued
for is for installments of rent due from the corporation under the lease,
and is not a debt payable within one year or less from the date it was
contracted, must be construed as pleaded as a complete defense, and is
insufficient on demurrer, the liability being one imposed by Membership
Corporation Law, Laws 1895, p. 335, c. 559, § 11.

4. PLEADING—JUDGMENT ON PLEADINGS.
    Where an interlocutory judgment erroneously overruling a demurrer
was entered, a judgment for defendant on the pleadings on the ground
that leave to withdraw the demurrer was not granted is also erroneous.

Appeal from Kings County Court.
Action by Boyd Thistle against Ellie A. Jones.   From a judgment
for defendant on the pleadings, plaintiff appeals.   Reversed.
See 92 N. Y. Supp. 113.
Argued before JENKS, HOOKER, RICH, MILLER, and GAY-
NOR, JJ.

Richards Mott Cahoone, for appellant.
W. B. Symmes, Jr., for respondent.

JENKS, J.   This is an action against directors of a membership
corporation upon an alleged debt of the corporation contracted while
they were directors, and payable within one year or less from the
date it was contracted.   Membership Corporation Law, Laws 1895, p.
335, c. 559, § 11.   Issue was joined, whereupon the plaintiff demurred
to the separate defense as insufficient in law upon the face thereof.   An
interlocutory judgment overruling the demurrer was entered.   At the
trial the defendant moved for judgment on the pleadings, upon the
ground, among others, that neither the opinion handed down upon
the decision of the demurrer, nor the decision, nor the interlocutory
judgment, gave the plaintiff leave to withdraw his demurrer, and that
it was still in the records.   The court granted the motion, and the
plaintiff appeals from the judgment thereupon entered, bringing up for
review the interlocutory judgment.
    I think that the court was right in its disposition of the case.   Na-

tional Contracting Co. v. Hudson River W. P. Co., 110 App. Div. 133, 97 N. Y. Supp. 92. But the interlocutory judgment is now under review. The plaintiff sues for the use and occupation of a building by the Woman's Aid Nursery of Brooklyn from August 1, 1902, to June 11, 1903, at the rate of $45 monthly, the agreed rental. The defendant, in addition to general denials, pleads, in effect, as a separate and distinct defense, that the Woman's Aid Nursery made a lease with the plaintiff on or about August 31, 1899, which covered the period in question, that the indebtedness, if any, alleged in the complaint, is for installments of rent due from the said corporation under said lease, and that it is not a debt payable within one year or less from the date it was contracted. The opinion of the learned court handed down upon the decision of the demurrer indicates that it took this view. The learned court said:

"And rent which by the terms of such lease or agreement was to be paid or to become due three years thereafter was not such a liability within the meaning of the membership corporations law as to make the directors liable therefor. Hardman et al. v. Sage, 124 N. Y. 25, 26 N. E. 354. This liability for the rent due in August, 1902, and thereafter, was incurred in August of 1899 by the written lease, and not by the use and occupation of the corporation."

I think that the learned court is in error. Sanford v. Rhoads, 113 App. Div. 782, 784, 99 N. Y. Supp. 407; Providence Steam Co. v. Connell, 86 Hun, 319, 33 N. Y. Supp. 482. In Sanford v. Rhoads, supra, the action was upon two written leases made in 1892 and 1894, for 20 and 10 years, respectively, and assigned to the corporation in 1896. This court held, per Miller, J.:

"No debt was contracted when the leases were assigned to the defendants' corporation. A contingent liability was incurred which only ripened into a debt as the premises were used, or, the rent being payable quarterly in advance, as the rent of each quarter fell due."

Garrison v. Howe, 17 N. Y. 458, Gold v. Clyne, 134 N. Y. 262, 31 N. E. 980, 17 L. R. A. 767, and Whitney Arms Co. v. Barlow, 68 N. Y. 34, were cited. In Providence Steam Co. v. Connell, supra, the court said:

"In Vernon v. Palmer, 16 Jones & S. 231, it is said that the true doctrine is that a debt is contracted when, in consideration of value received by the corporation, a payment is to be made, no matter whether at once or at a future period."

See, also, Carr v. Risher, 50 Hun, 148, 2 N. Y. Supp. 792. Hardman v. Sage, 124 N. Y. 25, 26 N. E. 354, cited by the learned court, is not to the contrary.

That case held that the year within which an action must be begun began to run from the day that the debt became due, and that when a note is given in extension, which is sued within a year of its maturity, but more than a year after the debt became due, the stockholders cannot be charged. The principle is that the note is but a continued evidence of the first indebtedness, and· that its operation is to extend the time of payment until it becomes due, but the original demand is not extinguished and the liability of a stockholder cannot be thus extended or renewed. Parrott v. Colby, 6 Hun, 55, affirmed 71 N.

Y. 597, and Jagger Iron Co. v. Walker, 76 N. Y. 521, cited in Hardman v. Sage, supra.

The new matter must be regarded as pleaded as a complete defense. Mott v. De Nisco, 106 App. Div. 154, 94 N. Y. Supp. 380. The interlocutory judgment must be reversed, and the demurrer sustained, with leave to the defendant to plead over. The final judgment falls within the interlocutory judgment. Carter v. De Camp, 40 Hun, 258. I do not express any opinion contra to the proposition of law of the defendant that the Woman's Aid Nursery could adopt this lease.

Interlocutory judgment of the County Court of Kings county reversed, with costs, and demurrer sustained, with costs, with leave to the defendant to plead over. All concur.