(127 App. Div. 730.)

ASPHALT CONST. CO. v. BOUKER et al.

(Supreme Court, Appellate Division, First Department. July 8, 1908.)

1. PLEADING—DEMURRER—WITHDRAWAL.
　　Though a demurrer, while standing conclusively, admits the averments of the pleading attacked, its primary purpose is to test the sufficiency of the facts to which it relates as a cause of action, and a demurrant should be allowed to withdraw it on it being overruled, unless it was interposed in bad faith.
　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 1041.]

2. SAME—CONDITIONS OF WITHDRAWAL.
　　The trial court overruled a demurrer to a separate defense, but did not grant leave to plaintiff to withdraw it as an admission of facts. After plaintiff rested, defendants relied on the admission, and the court reserved decision; the case appearing not to have been decided. Held, that while the trial court properly amended nunc pro tunc the decision overruling the demurrer so as to relieve plaintiff of the admission, upon the payment of full taxable costs, the demurrer not appearing to have been frivolous, the amendment should have been allowed on condition that at defendants' election the proceedings upon the trial be vacated and the case restored to the calendar, or should have opened the case with permission to defendants to offer further evidence.

Appeal from Special Term.
Action by the Asphalt Construction Company against De Witt C. Bouker, Jr., and Andrew A. Bouker, impleaded with another. From

an order amending a decision and interlocutory judgment nunc pro tunc, defendants Bouker appeal. Modified and affirmed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

L. Laflin Kellogg (Alfred C. Pette, on the brief), for appellants. Edward W. Hatch, for respondent.

LAUGHLIN, J. The decision which was the basis of the interlocutory judgment was made on the trial of an issue of law arising upon the plaintiff's demurrer to a separate defense interposed in the joint answer of the appellants. The court overruled the demurrer, with costs; but no provision was inserted in the decision or in the interlocutory judgment granting leave to plaintiff to withdraw the demurrer as an admission of the facts to which it was interposed. No motion was made to correct the decision or interlocutory judgment in this regard, nor was an appeal taken therefrom. The issues of fact were then brought to trial at Special Term. Upon the trial, after plaintiff rested its case, appellants introduced the judgment roll showing the decision and interlocutory judgment entered on the trial of the issue of law and rested upon the claim that the facts to which the demurrer related, stood admitted. The court reserved decision, and, so far as the record shows, that case has not yet been decided. Plaintiff then made the motion to amend the decision and interlocutory judgment, to be relieved of its admission of the facts by the demurrer thereto, which, while the demurrer stands, is a conclusive admission thereof. National Contracting Company v. Hudson River Water Power Company, 110 App. Div. 133, 97 N. Y. Supp. 92; Thistle v. Jones, 123 App. Div. 40, 107 N. Y. Supp. 840.

Although this is the legal effect of a demurrer, yet the primary purpose of that pleading is to test the sufficiency of the facts to which it relates as a cause of action, defense, or counterclaim, and, unless it is apparent that a demurrer is interposed in bad faith, the courts customarily, on overruling a demurrer, allow the withdrawal of it upon payment of costs. This practice is so universal that parties have a right to rely upon it, and a failure to grant such leave would be deemed an improper exercise of discretion which would result in a reversal by an appellate court. The demurrer in the case at bar could not be deemed so frivolous as to indicate bad faith in interposing it, and it is manifest, on an inspection of the record as it existed before the motion was made, that the court did not intend to hold the plaintiff as a penalty for interposing the demurrer to a conclusive admission of the facts to which it related. The failure to grant leave to withdraw the demurrer evidently resulted from an oversight; but, to remove any question in this regard, the learned justice presiding at Special Term, where the motion was returnable, referred it to the justice who made the decision, and he granted the relief upon condition that plaintiff pay to the appellants the taxable costs of the action to the date of the order. The learned court evidently intended to give the appellants the benefit of a new trial if they so desired, as is evidenced by the allowance of full taxable costs. The order as entered, however, contains

no provision with respect to a new trial or opening the case now pending undecided at Special Term. We are of opinion that the court properly amended the decision and interlocutory judgment, but we think that the order should be modified by inserting a provision that the amendments are allowed upon condition that at the election of appellants the proceedings upon the trial be vacated, and the case restored to the calendar, or that the case be opened, and that they be permitted to offer such further evidence as they may be advised.

It follows that the order should be modified by providing that the amendments are allowed upon condition that, at the election of appellants, the proceedings upon the trial be vacated, and the case restored to the calendar, or that the case be opened, and they have leave to offer such further evidence as they may be advised, and, as thus modified, affirmed, without costs. All concur.