DUNN v. NEUSTADTL et al.

(Supreme Court, Appellate Term. April 13, 1911.)

1. EVIDENCE (§ 67*)—PRESUMPTION—CONTINUANCE OF FACT—CORPORATE OFFICE.

There is no presumption that the directors, named in the certificate of incorporation of a club to conduct its affairs till the first annual meeting, continue to be directors after such meeting has been held at which an election of directors was had; General Corporation Law (Consol. Laws 1909, c. 23) § 28, providing that directors shall hold office till their successors are elected, being inapplicable under such circumstances.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 87; Dec. Dig. § 67.*]

2. CORPORATIONS (§ 340*)—OFFICERS AND DIRECTORS—LIABILITY FOR CORPORATE DEBT—"DEBT"—"CONTRACTED."

Under Membership Corporations Law (Consol. Laws 1909, c. 35) § 11, which provides that the directors of membership corporations shall be liable for debts of the corporation contracted during their term of office and payable within one year or less from the date it was contracted, if an action on an unsatisfied judgment against the corporation is brought against the directors within one year of its return, a contingent liability, or a liability for breach of an executory contract, is not a "debt," and a debt is "contracted" only when the contingency upon which it is to arise occurs, and, where a lease for one year is executed by the directors of a membership corporation at a yearly rental payable monthly in advance, no debt is "contracted" for monthly installments of rent maturing after their term of office has expired.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 340.*

For other definitions, see Words and Phrases, vol. 2, pp. 1513–1534; vol. 8, pp. 7615, 7616; vol. 2, pp. 1864–1886; vol. 8, p. 7628.]

3. STATUTES (§ 184*)—CONSTRUCTION—INTENT OF LEGISLATURE—POLICY AND PURPOSE OF ACT.

When the intent of the Legislature to remedy some evil clearly appears, the courts will give that intent its full force.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 262; Dec. Dig. § 184.*]

4. CORPORATIONS (§ 340*)—OFFICERS AND DIRECTORS—LIABILITY FOR CORPORATE DEBTS.

Under Membership Corporations Law (Consol. Laws 1909, c. 35) § 11, which provides that the directors of membership corporations, shall be jointly and severally liable for any debt of the corporation contracted during their term of office and payable within one year or less from the date at which it was contracted, if action against the directors is brought on an unsatisfied judgment against the corporation within one year after its return, directors of a membership corporation are not liable for a debt contracted by the corporation when they are no longer directors, although they were directors when the contingent liability which subsequently ripened into a debt was incurred.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 340.*]

Appeal from City Court of New York, Special Term.

Action by Rose Dunn against Victor Neustadtl and others. From a judgment of the City Court of the City of New York dismissing the complaint, plaintiff appeals. Affirmed.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

129 N.Y.S.—11

Wallenstein & Armstrong, for appellant.

Fixman & Lewis, for respondents Neustadtl, Fischl, Salzer, Brunner, and Aderer.

J. Garfield Moses, for respondent Bernays.

LEHMAN, J.  The plaintiff and the Austrian Club, a membership corporation organized under the laws of this state on the 15th day of March, 1909, executed an indenture whereby certain premises were leased to the club for the term of one year from that date at the yearly rental of $1,800 payable monthly in advance.  The club occupied the premises and paid the rent due under the lease prior to August 1, 1909, but failed to pay any rent for the six months from August to January.  Thereafter the plaintiff recovered judgment against the Austrian Club for the sum of $937.84, and execution was issued against it and returned wholly unsatisfied.

The plaintiff now brings an action against the defendants for the amount of this judgment, claiming that they were directors at the time that the debt was contracted, and therefore jointly and severally liable under the provisions of section 11 of the membership corporations law.  The complaint was dismissed at the close of the plaintiff's case, and the appeal presents the question whether or not the plaintiff has made a prima facie case that the defendants were directors of the Austrian Club at the time that the debt was contracted within the meaning of the statute.

[1] There is no dispute that several of the defendants were directors at the time that the lease was made.  The plaintiff claims that from this fact the presumption arises that they continued as directors thereafter and were directors during the months from August to January.  No such presumption arises in this case.  The certificate of incorporation executed July 7, 1908, names these defendants as directors until the first annual meeting.  This fixes the term of their office. The first annual meeting was held on May 10, 1909.  There is no presumption that they continued as directors after that meeting.  They did not continue as directors under section 28 of the general corporations law because it affirmatively appears that there was an election of directors at that meeting, and their term of office had expired.  Bank of Metropolis v. Faber, 38 App. Div. 159, 56 N. Y. Supp. 542; Van Amburgh v. Baker, 81 N. Y. 46.

[2] The complaint was therefore properly dismissed, unless the debt of the corporation was contracted at the time the lease was made, and not at the time that the installments of rent became due.

In the case of Thistle v. Jones, 123 App. Div. 40, 107 N. Y. Supp. 840, the Appellate Division of the Second Department considered this question and determined that upon the making of the lease a contingent liability arises "which only ripened into a debt as the premises were used, or, the rent being payable quarterly in advance, as the rent of each quarter becomes due," and that therefore the directors were liable upon installments of rent coming due more than one year after the lease was made.  While this case decides only the converse of the proposition before us, it is concededly in point.

"The rule must work both ways, and, if the debt is to be regarded as contracted at the time the contingent liability matures into an existing indebtedness when such construction will relieve a stockholder from liability, it must equally be adopted when it would make the stockholder liable." Sanford v. Rhoads, 113 App. Div. 782, 99 N. Y. Supp. 407.

The appellant, however, urges that we disregard this case of Thistle v. Jones because it relied for its authority upon cases where penal statutes were the subject of the court's consideration, while the statute now under consideration is remedial. I believe, however, that the decision was correct both upon authority and principle. It cites as authority the case of Sanford v. Rhoads, supra. That case determined that a stockholder was liable under section 6 of the business corporations law (Consol. Laws 1909, c. 4), as limited by section 55 (Laws 1892, c. 688), now section 59 of the stock corporations law (Consol. Laws 1909, c. 59), for rent accruing more than two years after the lease was made. The court there considered the difference between penal and remedial statutes, and though it considered the statute under consideration as remedial, it yet decided that the decisions construing penal statutes were applicable. While all the other cases cited in the case of Thistle v. Jones and all the cases cited in Sanford v. Rhoads are based upon the construction of penal statutes, an examination of the opinions shows that they did not proceed upon any view of a narrow construction to be given to a penal statute, but that the courts have held that under the natural interpretation of the words a debt is not a contingent liability, and is therefore "contracted" only when the contingency upon which it is to arise occurs. Perhaps no better statement of the law can be found than that set forth in Vernon v. Palmer, 48 N. Y. Super. Ct. 231, 235:

"The true doctrine is that a debt is contracted when, in consideration of value received by the corporation, a payment is to be made, no matter whether at once or at a future period. The mere execution of a contract between the seller and the corporation, to the effect that the former shall deliver, and that the latter should receive and pay for, personal property at a future day, does not of itself amount to the contraction of a debt within the meaning of the statute, but upon the delivery of the property according to the contract the debt springs into existence. This must be so upon principle, and it is in accord with all the reported cases, and especially with the reasoning in Garrison v. Howe, 17 N. Y. 458; Whitney Arms Co. v. Barlow, 63 N. Y. 62 [20 Am. Rep. 504], and s. c., 68 N. Y. 34."

The appellant, however, claims that the opinion of Garrison v. Howe, 17 N. Y. 458, 465, shows that the court would have reached a different conclusion if it had construed a remedial statute:

"We do not think a debt for lumber furnished under the contract, subsequent to its execution, can be said to have been contracted when the agreement was signed. That instrument contains mutual stipulations, by the plaintiff to furnish, and by the defendant to pay for, the lumber; and there is no debt in existence until lumber has been delivered. If the statute were *simply a remedial* one, it might be said that the plaintiff's case was within its equity; for the general object of the law doubtless was, besides enforcing the duty of making reports for the benefit of all concerned, to enable parties proposing to deal with the corporation to see whether they could safely do so."

[3] While this part of the opinion is merely a dictum, I have no doubt that it represents the law, and, when the intent of the Legisla-

ture to remedy some evil clearly appears, the courts will give that intent its full force. In accord with that doctrine is the case of McIntyre v. Strong, 48 N. Y. Super. Ct. 127, affirmed 94 N. Y. 648, where a stockholder personally liable for all debts and *contracts* made by the company but not for any debt which is not to be paid *within two years from the time the debt is contracted* was held liable only for installments due under a lease within two years of the time when the lease is made.

There seems to be no doubt that the courts are not inclined to consider a liability for breach of an executory contract a debt. Hill v. Weidinger, 110 App. Div. 683, 97 N. Y. Supp. 473; Walla Walla City v. Walla Walla Water Co., 172 U. S. 1, 19 Sup. Ct. 77, 43 L. Ed. 341; Matter of Roth & Appell (Bankruptcy) 181 Fed. 667, 104 C. C. A. 649.

[4] It remains therefore only for us to consider whether the intent of the Legislature to hold the directors liable upon an executory contract made while they were directors for a breach occurring after they ceased to be directors is so clear that we may disregard the usual meaning of the words of the statute. The appellant urges that such intent may be inferred from the history of the statute. He urges that the statute in its present form is a mere extension of the old form of the statute (chapter 487, Laws 1853):

"The trustees of any company or corporation organized under the provisions of this act, present at any meeting authorizing the contraction of any debt, and acquiescing in the passage of any resolution or order authorizing the same, shall be jointly and severally liable for any such debt, provided a suit for the collection of the same shall be brought within one year after the debt shall become due and payable."

This statute, however, is not the original source of the present statute. In the original statute (chapter 319, Laws 1848), section 7 sets forth the liability of directors practically in its present form. It appears therefore that the Legislature originally contemplated an absolute liability on the part of all directors regardless of their own acts or even knowledge for debts contracted while they are directors.

The Legislature apparently recognized that a membership corporation acts through its directors, and that they are bound to see that the corporation shall pay the obligations arising while they are directors and payable within a year thereafter, and it deprives the directors of the benefit of exemption of personal liability in cases where it believes that the directors should be held responsible for the failure of the corporation to meet its liabilities. In its original and in its present form the statute refuses this exemption to directors absolutely without regard to any active participation or approval on their part where the corporation contracts debts payable within one year. The apparent intent of the Legislature is given full force if we give the words used their natural sense; neither the corporation nor the directors committed any wrong in making a contract to pay certain sums in the future in consideration of certain benefits to be rendered to it. The wrong on its part and the debt arises when it fails to pay the amount due after the other party to the contract has fulfilled his obligations. The directors at that time are in duty bound to see that the funds to pay for obligations are ready and applied to the corporate indebtedness; but

it would be unreasonable for us to disregard the plain words of the statute and hold that the Legislature intended that directors who did not participate in the making of a contract imposing a contingent liability upon the corporation are yet to be held responsible if the corporation fails to meet its contingent liability, although at the time that the contingent liability ripens into a debt they were no longer directors.

It is quite true that for a time intermediate between the original and the present statute the Legislature abandoned its original intent and held the directors personally liable when they personally authorized the corporation to incur a debt; but under the statute they were not responsible for the nonpayment except when they personally participated in or consented to the contracting of the debt. This liability of the directors proceeds upon a different theory of the duties of the directors. It predicates the liability, not upon any default of the corporation for which its directing officers should be held liable, but upon the theory that directors of a membership corporation who actively participated in the contracting of a debt should not be allowed the exemption of liability for their individual acts upon any rule of corporate liability. When the Legislature, however, reverted to the words of the original statute, it would be a forced construction to hold that it still maintained the intent and theory of the intermediate statute and extended it by rendering the personal participation unnecessary. Nor does the subsequent enactment of the exemption of directors of certain membership corporations from liability for any debt contracted without their assent aid the appellant in her construction. It seems to me that these words simply show a legislative intent to exempt the specific directors from any obligation of any kind for debts contracted by the corporation unless they assented to the incurring of the liability; but it does not show a legislative intent that other directors should be held liable upon debts contracted by the corporation when they were no longer directors, although they were directors when the corporation was authorized to incur the contingent liability which subsequently ripened into the debt.

Judgment should be affirmed, with costs. All concur.