THE

# MISCELLANEOUS REPORTS

OF THE

## STATE OF NEW YORK.

COMMENCING MAY, 1911.

---

Rose Dunn, Appellant, *v.* Victor Neustadtl, Emil Fischl, Ludwig Zeizler, Leopold Salzer, Julius. Brunner, Ely Bernays and Julius Aderer, Respondents.

(Supreme Court, Appellate Term, May, 1911.)

Clubs: Liability of officers: Actions — Evidence — Presumptions and burden of proof.

An indebtedness of a membership corporation for rent is not contracted, within the meaning of section 11 of the Membership Corporations Law, when the lease is made, but when the instalments of rent come due.

In an action against the directors of a membership corporation for a debt of the corporation, it is not to be presumed that the defendants were directors at the time the debt was contracted from the fact that they were named as such in the certificate of incorporation, where it affirmatively appears that before the debt was contracted their terms of office had expired and an election of directors had been held.

APPEAL by the plaintiff from a judgment of the City Court of the city of New York dismissing the complaint upon the close of the plaintiff's case.

Wallenstein & Armstrong, for appellant.

Fixman & Lewis, for respondents Neustadtl, Fischl, Salzer, Brunner and Aderer.

L. Garfield Moses, for respondent Bernays.

1

LEHMAN, J.  The plaintiff and the Austrian Club, a membership corporation organized under the laws of this State on the 15th day of March, 1909, executed an indenture whereby certain premises were leased to the club for the term of one year from that date, at the yearly rental of $1,800 payable monthly in advance.  The club occupied the premises and paid the rent due under the lease prior to August 1, 1909, but failed to pay any rent for the six months from August to January.  Thereafter the plaintiff recovered judgment against the Austrian Club for the sum of $937.84 and execution was issued against it and returned wholly unsatisfied.

The plaintiff now brings an action against the defendants for the amount of this judgment, claiming that they were directors at the time that the debt was contracted and, therefore, jointly and severally liable under the provisions of section 11 of the Membership Corporations Law.  The complaint was dismissed at the close of the plaintiff's case, and the appeal presents the question whether or not the plaintiff has made a *prima facie* case that the defendants were directors of the Austrian Club at the time that the debt was contracted within the meaning of the statute.

There is no dispute that several of the defendants were directors at the time that the lease was made.  The plaintiff claims that from this fact the presumption arises that they continued as directors thereafter and were directors during the months from August to January.  No such presumption arises in this case.  The certificate of incorporation, executed July 7, 1908, names these defendants as directors until the first annual meeting.  This fixes the term of their office.  The first annual meeting was held on May 10, 1909.  There is no presumption that they continued as directors after that meeting.  They did not continue as directors under section 28 of the General Corporation Law, because it affirmatively appears that there was an election of directors at that meeting, and their term of office had exxpired.  Bank of Metropolis v. Faber, 38 App. Div. 159; Van Amberg v. Baker, 81 N. Y. 46.  The complaint was, therefore, properly dismissed, unless the debt of the corporation was con-.

tracted at the time the lease was made and not at the time that the instalments of rent became due.

In the case of Thistle v. Jones, 123 App. Div. 40, the Appellate Division of the second department considered this question and determined that, upon the making of the lease, a contingent liability arises " which only ripened into a debt as the premises were used, or, the rent being payable quarterly in advance, as the rent of each quarter becomes due;" and that, therefore, the directors were liable upon instalments of rent coming due more than one year after the lease was made. While this case decides only the converse of the proposition before us, it is concededly in point. " The rule must work both ways, and if the debt is to be regarded as contracted at the time the contingent liability matures into an existing indebtedness when such construction will relieve a stockholder from liability, it must equally be adopted when it would make the stockholder liable." Sanford v. Rhoads, 113 App. Div. 782. The appellant, however, urges that we disregard this case of Thistle v. Jones, because it relied for its authority upon cases where penal statutes were the subject of the court's consideration, while the statute now under consideration is remedial. I believe, however, that the decision was correct, both upon authority and principle. It cites as authority the case of Sanford v. Rhoads, *supra.* That case determined that a stockholder was liable under section 6 of the Business Corporation Law, as limited by section 55, now section 59 of the Stock Corporation Law, for rent accruing more than two years after the lease was made. The court there considered the difference between penal and remedial statutes; and, though it considered the statute under consideration as remedial, yet decided that the decisions construing penal statutes were applicable. While all the other cases cited in the case of Thistle v. Jones and all the cases cited in Sanford v. Rhoads are based upon the construction of penal statutes, an examination of the opinions shows that they did not proceed upon any view of a narrow construction to be given to a penal statute, but that the courts have held that, under the natural interpretation of the words, a debt is not a contingent liability and is, therefore, " contracted "

only when the contingency upon which it is to arise occurs. Perhaps no better statement of the law can be found than that set forth in Vernon v. Palmer, 48 N. Y. Super. 231, 235: "The true doctrine is that a debt is contracted when, in consideration of value received by the corporation, a payment is to be made, no matter whether at once or at a future period. The mere execution of a contract between the seller and the corporation, to the effect that the former shall deliver, and that the latter should receive and pay for, personal property at a future day, does not of itself amount to the contraction of a debt within the meaning of the statute, but upon the delivery of the property according to the contract the debt springs into existence. This must be so upon principle, and it is in accord with all the reported cases and especially with the reasoning in Garrison v. Howe (17 N. Y. 458); Whitney Arms Co. v. Barlow (63 N. Y. 62) and s. c. (68 N. Y. 34)."

The appellant, however, claims that the opinion of Garrison v. Howe, 17 N. Y. 458, 465, shows that the court would have reached a different conclusion if it had construed a remedial statute. "We do not think a debt for lumber furnished under the contract, subsequent to its execution, can be said to have been contracted when the agreement was signed. That instrument contains mutual stipulations, by the plaintiff to furnish and by the defendant to pay for the lumber; and there is no debt in existence until lumber has been delivered. If the statute were *simply a remedial* one, it might be said that the plaintiff's case was within its equity; for the general object of the law doubtless was, besides enforcing the duty of making reports for the benefit of all concerned, to enable parties proposing to deal with the corporation to see whether they could safely do so." While this part of the opinion is merely a *dictum,* I have no doubt that it represents the law; and, when the intent of the Legislature to remedy some evil clearly appears, the courts will give that intent its full force. In accord with that doctrine is the case of McIntyre v. Strong, 48 N. Y. Super. 127; affd., 94 N. Y. 648, where a stockholder, personally liable for all debts and *contracts* made by the company but not for any debt

which is not to be paid *within two years from the time the debt is contracted,* was held liable only for instalments due under a lease within two years of the time when the lease was made.

There seems to be no doubt that the courts are not inclined to consider a liability for breach of an executory contract a debt. Hill v. Weidinger, 110 App. Div. 683; City of Walla Walla v. Walla Walla Water Co., 172 U. S. 1; Matter of Rothm and Appell (Bankruptcy), 181 Fed. Rep. 667. It remains, therefore, only for us to consider whether the intent of the Legislature to hold the directors liable upon an executory contract, made while they were directors, for a breach occurring after they ceased to be directors, is so clear that we may disregard the usual meaning of the words of the statute. The appellant urges that such intent may be inferred from the history of the statute. He urges that the statute in its present form is a mere extension of the old form of the statute, chapter 487 of the Laws of 1853. "The trustees of any company or corporation organized under the provisions of this act, present at any meeting authorizing the contraction of any debt, and acquiescing in the passage of any resolution or order authorizing the same, shall be jointly and severally liable for any such debt, provided a suit for the collection of the same shall be brought within one year after the debt shall become due and payable." This statute, however, is not the original source of the present statute. In the original statute (Laws of 1848, chap. 319), section 7 sets forth the liability of directors practically in its present form. It appears, therefore, that the Legislature originally contemplated an absolute liability on the part of all directors, regardless of their own acts or even knowledge for debts contracted while they are directors.

The Legislature apparently recognized that a membership corporation acts through its directors and that they are bound to see that the corporation shall pay the obligations arising while they are directors and payable within a year thereafter; and it deprives the directors of the benefit of exemption from personal liability, in cases where it believes that the directors should be held responsible for the failure of the corporation

to meet its liabilities. In its original and in its present
form the statute refuses this exemption to directors, abso-
lutely, without regard to any active participation or ap-
proval on their part, where the corporation contracts debts
payable within one year. The apparent intent of the Legis-
lature is given full force if we give the words used their
natural sense; neither the corporation nor the directors com-
mitted any wrong in making a contract to pay certain sums
in the future, in consideration of certain benefits to be ren-
dered to it. The wrong on its part and the debt arise when it
fails to pay the amount due after the other party to the con-
tract has fulfilled his obligations. The directors at that
time are in duty bound to see that the funds to pay for ob-
ligations are ready and applied to the corporate indebted-
ness; but it would be unreasonable for us to disregard the
plain words of the statute and hold that the Legislature in-
tended that directors who did not participate in the making
of a contract imposing a contingent liability upon the corpo-
ration are yet to be held responsible if the corporation fails
to meet its contingent liability, although at the time that the
contingent liability ripens into a debt they are no longer
directors.

It is quite true that, for a time intermediate between the
original and the present statute, the Legislature abandoned
its original intent and held the directors personally liable
when they personally authorized the corporation to incur a
debt; but under the statute they were not responsible for the
non-payment, except when they personally participated in or
consented to the contracting of the debt. This liability of
the directors proceeds upon a different theory of the duties
of the directors. It predicates the liability not upon any de-
fault of the corporation for which its directing officers should
be held liable, but upon the theory that directors of a mem-
bership corporation who actively participated in the contract-
ing of a debt should not be allowed the exemption of liability
for their individual acts upon any rule of corporate liability.
When the Legislature, however, reverted to the words of the
original statute, it would be a forced construction to hold that
it still maintained the intent and theory of the intermediate

statute and extended it by rendering the personal participation unnecessary. Nor does the subsequent enactment of the exemption of directors of certain membership corporations from liability for any debt contracted without their assent aid the appellant in her construction. It seems to me that these words simply show a legislative intent to exempt the specific directors from any obligation of any kind for debts contracted by the corporation unless they assented to the incurring of the liability, but it does not show a legislative intent that other directors should be held liable upon debts contracted by the corporation, when they were no longer directors, although they were directors when the corporation was authorized to incur the contingent liability which subsequently ripened into the debt.

Judgment should be affirmed, with costs.

SEABURY and BIJUR, JJ., concur.

Judgment affirmed.