---

(87 Misc. Rep. 69)

### In re EMMET.

### In re EMPIRE STATE SURETY CO.

(Supreme Court, Special Term, New York County. September, 1914.)

1. INSURANCE (§ 51*)—INSOLVENCY—CLAIMS PROVABLE—REDUCTION TO JUDGMENT—LIABILITY OF SURETY.

On the liquidation of the business of an insolvent surety company pursuant to the Insurance Law (Consol. Laws, c. 28) § 63, such claims, and only such claims, of subcontractors, materialmen, and laborers arising under bonds executed for their benefit by the surety company pursuant to Act Cong. Feb. 24, 1905, c. 778, 33 Stat. 811 (U. S. Comp. St. 1913, § 6923), are valid and provable, as were reduced to judgment prior to the entry of the order of insolvency.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 62, 63; Dec. Dig. § 51.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. Words and Phrases—"Contingent Claim"—"Conditional Claim."
There is a marked distinction between a "contingent claim" and a "conditional claim."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Contingent Claim.]

In the matter of the application of the People, by William T. Emmet, Superintendent of Insurance, for an order to take possession of the property and liquidate the business of the Empire State Surety Company. Motions by complainants whose claims have not been reduced to judgment for permission to prosecute them to judgment. Motions granted.

See, also, 150 N. Y. Supp. 398.

Frederic G. Dunham, of Albany, for Superintendent of Insurance.

Charles E. Lydecker, of New York City, for Wheeler Condenser & Engineering Co., Crane Co., and Westinghouse Electric & Mfg. Co.

Jos J. Zeiger, of Brooklyn (Franklin Taylor, of New York City, of counsel), for Philip Carey Co.

Henry B. Corey, of New York City (Douglass & Minton, of New York City, of counsel), for J. W. Decker, S. C. Betts, L. L. Lord Co., and S. P. Scheik.

Chas. L. Hoey, of Saratoga Springs (Butler & Kilmer and Edgar T. Brackett, all of Saratoga Springs, of counsel), for Evans Marble Co., Saratoga Trap Rock Co., York Safe & Lock Co., William P. Tarrant, Egidio Marchesini, doing business as Mosaic Marble & Enamel Co., Jacob Beitzel & Sons, Vermont Marble Co., and Baker & Shevlin Co.

Everett, Clarke & Benedict, of New York City, for Belmont Ironworks.

Eidlitz & Hulse, of New York City, for William F. Ivins, as trustee, etc., and Geo. S. Holmes Co.

Irving S. Olds, of New York City (White & Case, of New York City, of counsel), for Richmond Radiator Co.

Weeds, Conway & Cotter, of Plattsburgh, for Jacob Beitzel & Sons, Fred Fox, Jr., Allen Iron & Steel Company, S. H. Pouder Crigger & Graves, Cloyd Bros. Company, Summer-Parrott Hardware Company, National Fire-proofing Company, Engert-House & Co., and Brading-Marshall Company.

Curtis, Mallet-Prevost & Colt, of New York City, for Winslow Bros. Co.

Walter W. Irwin, of New York City, for Des Moines Bridge & Ironworks.

Gerard Roberts, of New York City, for Williams Heating & Plumbing Co.

Herman Goldman, of New York City, for Van Kannel Revolving Door Co.

Thomas E. Lawrence, of Buffalo, for Robert J. Byron.

William A. King, for Moriarity & Rafferty Co. and others.

Thomas G. Flaherty, of New York City (Chas. J. McDermott, of New York City, of counsel), for Haines, Jones & Cadbury Co. and Burlingame & Darbys Co.

GREENBAUM, J. On December 16, 1912, the superintendent of insurance was directed by order of this court to take possession of the property and liquidate the business of the Empire States Surety Company, pursuant to the provisions of section 63 of the Insurance Law. It appears that 101 claims have been filed in this proceeding by subcontractors, materialmen, and laborers, arising under certain bonds executed for their benefit by the Empire State Surety Company as surety, pursuant to an act of Congress approved February 24, 1905, under contracts awarded by the United States government for the construction of public work. The state superintendent, as liquidator, has rejected and disallowed all of these claims upon the alleged ground that at the date when the order of liquidation was entered they had not been reduced to judgment under the provisions of the federal statute, and hence were contingent and not provable. For the purposes of this motion the claims may be divided into two general classes, those arising out of contracts which had not been completed prior to December 16, 1912, and those arising out of contracts which, prior to such date, had been completed and final settlement authorized by the government authorities, but upon which no judgments had then been entered. This latter class may be subdivided into claims upon which suits had been brought prior to December 16, 1912, some of which are still pending, the others having matured into judgments, those upon which actions have since been brought, and those in which no suit has yet been commenced.

[1] The determination of this motion turns upon the meaning and effect of the decision of the Court of Appeals in Matter of Smith Co. v. Yawger, 211 N. Y. 107, 105 N. E. 99, reached by a divided court. The learned counsel for the state liquidator contends that it is authority for the broad proposition that under no circumstances is a claim provable against an insolvent surety company arising upon a bond like that here involved, given pursuant to the act of Congress, unless prior to the liquidation proceedings it has been reduced to judgment. It is generally conceded by the various counsel appearing upon the motion that the rule recognized in this state is that claims against insolvent insurance companies must be determined as of the date of the commencement of the insolvency proceedings, and that claims which at that date are contingent in their nature are not provable because of the uncertainty involved in estimating their value and of the delay and confusion that might arise in the administration and the settlement of the insolvent estate. People v. Metropolitan Surety Co., 205 N. Y. 135, 98 N. E. 412, Ann. Cas. 1913D, 1180. The question thus arises, Are the claims under review to be treated as contingent because they had not ripened into judgment when the order of insolvency in this proceeding was entered? By its bonds executed to the United States government the surety company obligated itself to the prompt "payment to all persons supplying" the bonded contractor "with labor and materials in the prosecution of the work" referred to in the government contract. A study of the two opinions in the Yawger Case reveals that the decided difference between the judges of the Court of Appeals arose upon the question of the necessity of

strict compliance with the federal statute requiring the claimant to procure a judgment as a condition precedent to the establishment of his claim in the insolvency proceedings affecting the surety company. The majority opinion held that the federal statute afforded an exclusive remedy to the claimant, which may not be departed from under any circumstances. The minority opinion, on the other hand, argued that this court, having acquired jurisdiction of the funds of the insolvent surety company, had jurisdiction to determine the validity of all claims thereto, and that it would serve no useful purpose to compel the claimant first to resort to the remedy provided by the federal statute.

[2] As I read the prevailing opinion in the Yawger Case, supra, it held that the liability of the surety company was "qualified and conditional," but it nowhere appears therein that the court held that the claim was "contingent." Phrases in the opinion isolated from the context may give color to the contention of the learned counsel for the state superintendent, but it seems to me this court should limit the opinion strictly to the law declared upon the state of facts upon which it was required to pass, namely, that the procurement of a judgment in the federal court was a condition precedent to the provability of such claims as are here being considered. There is a marked difference between a "contingent" claim and one that is "conditional." In the absence, therefore, of an express holding by the Court of Appeals that claims of the nature of those under consideration are to be regarded as contingent because they had not been reduced to judgment prior to the commencement of insolvency proceedings, it is not to be presumed that the court intended to exclude such claims from sharing in the distribution of the insolvent estate when the conditions precedent of procuring judgments upon the claims have been met. It thus follows that all the claims which have been reduced to judgment will be treated as valid and provable, and the rejection of such claims is set aside and overruled. The rejection of claims that have not matured in judgments is sustained. It also follows that the motions made in behalf of claimants whose claims have not been reduced to judgment for permission to prosecute them to judgment are granted. Settle orders on notice.

Motions granted.