In the Matter of the Estate of HARRIET E. WOOD, Deceased.

Surrogate's Court, Orange County, June 15, 1939.

*John T. Cahill, United States Attorney for the Southern District of New York [Jerome H. Doran, Assistant United States Attorney, of counsel], for the claimant, the United States of America.*

*Meyer J. Rider,* for W. Newcomb Calyer, as administrator *d. b. n.*

*Elmer H. Lemon,* for S. Walker Stewart, creditor.

TAYLOR, S. During her lifetime the decedent had certain improvements made to her real property, and on February 14, 1935, executed her promissory note to A. C. Smith & Co., Inc., a heating and plumbing contractor, and which that corporation in turn discounted with, or in some manner transferred this note to, and was reimbursed by, the Heating and Plumbing Finance Corporation. Mrs. Wood died February 17, 1935, and default having been made in the payments upon said note, the Federal Housing Administration afterward, and on February 13, 1936, reimbursed the finance company, took an assignment of the claim, and it is upon this assignment that claim is made against the estate and a preference in payment asked. This financing was under and pursuant to the United States Code, title 12, sections 1702 *et seq.*

The United States of America claims preference under general principles of law, as well as pertinent statutes. (See Surr. Ct. Act, § 212; U. S. Code, tit. 31, § 191.) Even though the claim in question was not acquired by the United States of America until after the death of Mrs. Wood, it is asserted that from the form of the paper signed (and the surrogate might add the presumption of knowledge of existing law by the decedent) it was known by the decedent that under the plan the government might become the owner of her paper in the event of default. On the other hand, the estate alleges that the government was not a creditor of the decedent at the time of her death, that it could be in no better position to collect this obligation than its assignor, and this indebtedness cannot be given a preference by its acquisition even by the government after the debtor's death.

Counsel state, with confidence, that there is no reported case in which this question has been discussed. Upon the argument reference was made to the case of *United States* v. *Marxen,* then pending before the United States Supreme Court. Decision in that case has since come down (*United States* v. *Marxen,* 307 U. S. 200; 59 S. Ct. 811). The *Marxen* case was practically identical with the question now presented for decision, except that it involved a claim against a bankrupt instead of against one since

deceased. It was held by that court that the pertinent statute with respect to preference " is inapplicable to general claims in bankruptcy transferred to the United States, or to which it has become subrogated on payment, after the filing of the petition for the reason that the rights of creditors are fixed by the Bankruptcy Act as of the filing of the petition in bankruptcy * * *. The assets at that time are segregated for the benefit of creditors. The transfer of the assets to someone for application to ' the debts of the insolvent, as the rights and priorities of creditors may be made to appear,' takes place as of that time." No sound reason appears for any distinction in principle between that case and this one. The Surrogate's Court Act, section 212, directs every executor and administrator to pay " the debts of the deceased " according to the order named and preference is by said statute given to debts entitled to a preference under the laws of the United States. The Federal statute (U. S. Code, tit. 31, § 191) provides that whenever the funds of any deceased debtor in the hands of the fiduciary are " insufficient to pay all the debts due from the deceased," the debts due to the United States shall be first satisfied. At the death of Mrs. Wood there was no debt due to the United States.

Although the decision here might well be let stand upon the authority of the *Marxen* case, it might be noted in passing that the United States of America at the time of the death of Mrs. Wood was not a " contingent " creditor, or to otherwise express it the government did not then possess a " contingent claim." (See Surr. Ct. Act, § 207; *Matter of Emmet,* 87 Misc. 69; *Matter of Empire State Surety Co.,* 165 App. Div. 135; *Garrison* v. *Howe,* 17 N. Y. 458; *Sanford* v. *Rhoads,* 113 App. Div. 782; *Gold* v. *Clyne,* 134 N. Y. 262; *Whitney Arms Co.* v. *Barlow,* 68 id. 34.)

The claim to preference is denied.