UNITED STATES of America, Plaintiff,

v.

EXCHANGE NATIONAL BANK OF OLEAN, Leo E. Keenan, Jr., and Harry J. Mullany, as Executors of the Estate of Robert G. Findlay, Deceased, Defendants.

Civ. No. 8711.

United States District Court
W. D. New York.
March 11, 1963.

John T. Curtin, U. S. Atty. (C. Donald O'Connor, Asst. U. S. Atty., of counsel), for plaintiff.

Hornburg, Diggs & Dwyer, Olean, N. Y. (Joseph C. Dwyer, Olean, N. Y., of counsel), for defendants.

HENDERSON, District Judge.

In 1956 Robert G. Findlay, a heating and plumbing contractor, entered into a contract with the Nolan Heating and Sheet Metal Corporation. Later in that year Findlay breached this contract, and in August of 1957 a breach of contract suit was commenced by the Nolan Corporation. On May 27, 1958, Mr. Findlay died hopelessly insolvent but the suit by the Nolan Corporation was continued against his estate, and on August 30, 1959, the Nolan Corporation was awarded a judgment for $18,255.93.

It appears that between February 20, 1957, and February 13, 1958, the Government made tax assessments against the Nolan Corporation for non-payment of federal withholding tax which totaled $14,935.21. Additional assessments totaling $1161.57 against the Nolan Corporation were made subsequent to Findlay's death. On July 23, 1958, two months after Findlay's death, a notice of levy covering these tax liens was served upon the decedent's attorney in the suit by the Nolan Corporation against the defendant, and on January 18, 1960, a notice of levy was served upon the co-executors of the decedent's estate. Subsequently this suit was commenced and each of the parties now moves for summary judgment.

The controversy centers upon the Government's claim of priority over other creditors of the decedent's estate. The Government bases its claim of priority on Section 191, Title 31 U.S.C., which provides:

"Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, *the debts due to the United States* shall be first satisfied; and the priority established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed." [Emphasis added.]

Under the statute the Government in this instance was not entitled to a priority unless at the time of the decedent's death there existed a debt due the United States. See United States v. Marxen, 307 U.S. 200, 59 S.Ct. 811, 83 L.Ed. 1222 (1939); In re Wood's Estate, 171 Misc. 542, 12 N.Y.S.2d 816 (Sur.Ct.1939).

While the Government by its assessment clearly acquired a lien in its favor against the Nolan Corporation claim,[1] the lien, unaccompanied by timely service of notice of levy, did not amount to an assignment or attachment of the Nolan claim and the creation of a debt due the United States. See In re Cherry Valley Homes, Inc., 255 F.2d 706 (3rd Cir., 1958), cert. denied sub nom. Du Bois v. United States, 358 U.S. 864, 79 S.Ct. 96, 3 L.Ed.2d 97 (1958); United States v. Eiland, 223 F.2d 118 (4th Cir., 1955). Accordingly, the defendants' motion for summary judgment is granted and the plaintiff's motion denied.

So ordered.

1. Citizens State Bank of Barstow, Texas v. Vidal, 114 F.2d 380 (10th Cir., 1940).